## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EYOBE AMBERBER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>EHANG HOLDINGS LIMITED, HUAZHI HU, RICHARD JIAN LIU, and EDWARD HUAXIANG XU,<br><br>Defendants. | Case No.  1:21-cv-01392 (GBD) |
| VIVIAN CHAUMONT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>EHANG HOLDINGS LIMITED, HUAZHI HU, RICHARD JIAN LIU, and EDWARD HUAXIANG XU,<br><br>Defendants. | Case No.  1:21-cv-01526 (GBD) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
OF DANIJEL ANCIGER FOR CONSOLIDATION
OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF LEAD COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ......................................................................................................... 1

ARGUMENT............................................................................................................................ 2

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED ....................................... 2

II.     MR. ANCIGER SHOULD BE APPOINTED LEAD PLAINTIFF ................................... 3

        A.      Mr. Anciger is willing to serve as a Class Representative and has timely filed this
                motion to be appointed Lead Plaintiff. ................................................................ 4

        B.      Mr. Anciger has the "largest financial interest" in the Action.............................. 4

        C.      Mr. Anciger otherwise satisfies the Requirements of Rule 23. ............................ 5

III.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ........... 6

CONCLUSION........................................................................................................................ 7

i

## TABLE OF AUTHORITIES

CASES                                                                                           PAGE(S)

*Bassin* v. *Decode Genetics, Inc.*, 230 F.R.D. 313 (S.D.N.Y. 2005) ............................................... 3

*Johnson* v. *Celotex Corp.*, 899 F.2d 1281 (2d Cir. 1990) ................................................................ 2

*Kaplan* v. *S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373 (S.D.N.Y. 2015) .................................... 7

*Khunt* v. *Alibaba Group Holding Ltd.*, 102 F. Supp. 3d 523 (S.D.N.Y. 2015) .......................... 5, 6

*Lax* v. *First Merchants Acceptance Corp.*, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ............... 5

*Malcolm* v. *Nat'l Gypsum Co.*, 995 F.2d 346 (2d Cir. 1993) .......................................................... 2

*Varghese* v. *China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388 (S.D.N.Y. 2008) ....... 7

RULES

Fed. R. Civ. P. 23 .............................................................................................................. *passim*

Fed. R. Civ. P. 42 ...................................................................................................................... 1, 2

STATUTES

15 U.S.C. § 78u-4(a)(3) ..................................................................................................... *passim*

OTHER AUTHORITIES

Manual for Complex Litigation (Third), § 20.123 (1995) ............................................................ 2

Danijel Anciger respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Fed. R. Civ. P. 42, for an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Mr. Anciger as Lead Plaintiff on behalf of all persons who purchased or otherwise acquired the American Depositary Shares of EHang Holdings Limited between December 12, 2019 and February 16, 2021, both dates inclusive (the "Class Period"); and (3) approving proposed Lead Plaintiff's selection of the Thornton Law Firm LLP as Lead Counsel for the Class and Motley Rice LLC as Liaison Counsel.

## PRELIMINARY STATEMENT

On February 17, 2021 and February 19, 2021, these Related Actions were filed in this District alleging the same violations of the federal securities laws on behalf of similar classes of plaintiffs.[1] For the reasons set forth herein, the Related Actions should be consolidated, Mr. Anciger should be appointed Lead Plaintiff, and his chosen counsel approved.

## STATEMENT OF FACTS

The Related Actions were filed on February 17 and 19, 2021. Both allege that Defendants violated the Exchange Act and seek relief on behalf of similar classes of investors:

| *Amberber* Class Definition | *Chaumont* Class Definition |
| --- | --- |
| [A]ll investors who purchased or otherwise acquired Ehang Holdings Limited ("EHang" or the "Company") American depositary shares ("ADS") between December 12, 2019 and February 16, 2021 (and on February 16, 2021, only for those who purchased shares at or above the price of $112.00) | [P]ersons and entities that purchased or otherwise acquired EHang American Depositary Shares ("ADSs" or "shares") between December 12, 2019 and February 16, 2021, inclusive. |

---

[1] On February 26, 2021, an action alleging substantially the same conduct and causes of action as the Related Actions was filed in the United States District Court for the Central District of California. *See Klein* v. *EHang Holdings Ltd.*, Case No. No. 2:21-cv-01811 (C.D. Cal.).

On February 17, 2021, counsel for plaintiff in the *Amberber* Action published notice via *Accesswire* that any class members could seek to be appointed lead plaintiff by filing a motion no later than April 19, 2021.

## ARGUMENT

## I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is especially appropriate where, as here, the actions involve common questions of law and fact, and would avoid unnecessary cost, delay and overlap in adjudication:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a); *Malcolm* v. *Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson* v. *Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *see also* Manual for Complex Litigation (Third), § 20.123 (1995).

The Related Actions involve common questions of law and fact. Each action was brought against the same defendants in connection with violations of the federal securities laws. They allege substantially the same wrongdoing—namely that the Defendants issued materially false and misleading statements and omissions that artificially inflated the price of the EHang's securities and subsequently damaged the Class Members when its stock price dropped as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin* v. *Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced).

2

## II.    MR. ANCIGER SHOULD BE APPOINTED LEAD PLAINTIFF

Mr. Anciger should be appointed Lead Plaintiff because, to the best of his counsels' knowledge, he has the largest financial interest in the Action and otherwise strongly satisfies the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice
>
> . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Mr. Anciger satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

3

**A.      Mr. Anciger is willing to serve as a Class Representative and has timely filed this motion to be appointed Lead Plaintiff.**

On February 17, 2021, counsel for the plaintiff in the *Amberber* Action (the first of the Related Actions to be filed) caused a notice to be published over *Accesswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that litigation had been filed against Defendants and which advised investors that they had until April 19, 2021, to file a motion to be appointed as lead plaintiff. *See* Declaration of Guillaume Buell in Support of Motion ("Buell Decl."), Ex. A. Mr. Anciger has timely filed the instant motion pursuant to the Notice, and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. B. Accordingly, Mr. Anciger satisfies the first requirement to serve as Lead Plaintiff of the Class.

**B.      Mr. Anciger has the "largest financial interest" in the Action.**

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of his counsels' knowledge, Mr. Anciger has the largest financial interest of any EHang investor seeking to serve as Lead Plaintiff. For claims arising under Exchange Act §10(b), courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax* v. *First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997). In accord with other courts nationwide, these *Lax* factors have been adopted and routinely applied by courts in the Second Circuit. *See*, *e.g.*, *Khunt* v. *Alibaba Group Holding Ltd.*, 102 F. Supp. 3d 523, 530 (S.D.N.Y. 2015). During the Class Period, Mr. Anciger: (1) purchased 1,965 shares of EHang

4

Holdings ADSs; (2) expended $241,156.05 on such purchases; (3) retained 1,965 shares; and (4) incurred losses of $79,000.90 on a LIFO and FIFO basis in connection with his transactions during the Class Period. *See* Buell Decl., Ex. C. To the extent that Mr. Anciger possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C.    Mr. Anciger otherwise satisfies the Requirements of Rule 23.

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."

At this stage of the litigation, a "moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." *Khunt*, 102 F. Supp. 3d at 536. "The adequacy requirement is satisfied where: 1) class counsel is qualified, experienced, and generally able to conduct the litigation; 2) the class members' interests are not antagonistic to one another; and 3) the plaintiff has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id.* This has been shown here, including by Mr. Anciger's supplemental declaration. *See* Buell Decl. Ex. F.

Mr. Anciger has retained counsel experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). There is no evidence of antagonism or conflict between Mr. Anciger's interests and the interests of the Class. Mr. Anciger has submitted a signed Certification and Declaration declaring his commitment to protect the interests of the Class (*see* Buell Decl., Exs. B and F), and his significant losses demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous adequacy.

5

"Typicality is satisfied when the moving plaintiffs injuries arose from the same course of conduct of the defendant that injured the other class members." *Khunt*, 102 F. Supp. 3d at 539. Mr. Anciger's claims are typical of those of the Class. As with all Class members, Mr. Anciger was allegedly harmed when Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts or omitting to disclose material facts concerning EHang. Mr. Anciger, as did all members of the Class, purchased securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

## III.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). *See also Kaplan* v. *S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("'The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'") (quoting *Varghese* v. *China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008).

Here, Mr. Anciger has selected Thornton as Lead Counsel for the Class. Thornton Law Firm was founded in 1978. It is a leading law firm in Massachusetts, with attorneys representing thousands of clients in a wide variety of plaintiff-side work. Thornton's attorneys practice, among other area, in securities litigation, consumer class actions, False Claims Act suits, toxic

torts, and personal injury law. Thornton is very experienced in securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. Courts throughout the country have recognized Thornton's qualifications to serve as counsel on behalf of shareholders, and it has been appointed to leadership positions in numerous securities class actions. *See* Buell Decl., Ex. D (Thornton firm resume).

Mr. Anciger has also selected Motley Rice LLC to serve as liaison counsel, as it maintains an office in this District and is also well-qualified to assist in the prosecution of this action. *See* Buell Decl., Ex. E (Motley Rice firm resume).

Mr. Anciger's chosen counsel have the skill, knowledge, expertise, and experience that will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving his selection of counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Mr. Anciger respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Mr. Anciger as Lead Plaintiff for the Class; and (3) approving his selection of Thornton as Lead Counsel for the Class and Motley Rice as Liaison Counsel.

Dated: April 19, 2021

Respectfully submitted,

**THORNTON LAW FIRM LLP**

*/s/ Guillaume Buell*
Guillaume Buell
1 Lincoln Street
Boston, Massachusetts 02111
Telephone: (617) 531-3933
Facsimile: (617) 720-2445
Email: gbuell@tenlaw.com

7

*Counsel for Lead Plaintiff Movant Danijel Anciger
and Proposed Lead Counsel for the Class*

**MOTLEY RICE LLC**
William H. Narwold
20 Church St., 17th Floor
Hartford, CT  06103
Telephone:  (860) 882-1681
Facsimile:  (860) 882-1682
bnarwold@motleyrice.com

and

Serena P. Hallowell
777 Third Ave., 27th Floor
New York, NY  10017
Telephone:  (212) 577-0043
Facsimile:  (212) 577-0054
shallowell@motleyrice.com

*Liaison Counsel for Movant Danijel Anciger*

8