CALCATERRA POLLACK LLP
Regina Calcaterra
1140 Avenue of the Americas, 9th Floor
New York, NY 10036-5803
Tel: (212) 899-1765
Email: rcalcaterra@calcaterrapollack.com

BERGER MONTAGUE PC
Sherrie R. Savett
Michael Dell'Angelo
Andrew Abramowitz
Donnell Much
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: ssavett@bm.net
        mdellangelo@bm.net
        aabramowitz@bm.net
        dmuch@bm.net

*Attorneys for Proposed Lead Plaintiff*
*Tarun Gupta*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EYOBE AMBERBER, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>vs.<br><br>EHANG HOLDINGS LIMITED, HUAZHI HU, RICHARD JIAN LIU, and EDWARD HUAXIANG XU,<br><br>                              Defendants. | Civil Action No.1:21-cv-01392-GBD<br><br>CLASS ACTION<br><br>Hon. George B. Daniels<br>Courtroom 11A |
| VIVIAN CHAUMONT, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>vs. | Civil Action No.1:21-cv-01526-GBD<br><br>CLASS ACTION<br><br>Hon. George B. Daniels<br>Courtroom 11A |

EHANG HOLDINGS LIMITED, HUAZHI
HU, RICHARD JIAN LIU, and EDWARD
HUAXIANG XU,

                         Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF MOVANT
TARUN GUPTA'S MOTION FOR CONSOLIDATION, APPOINTMENT AS
LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND.................................................................................................... 3

ARGUMENT ............................................................................................................................ 4

I.      THE ACTIONS SHOULD BE CONSOLIDATED ........................................................... 4

II.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ........................................... 5

        A.      The PSLRA Standard for Appointing Lead Plaintiff............................................. 5

        B.      Movant Is The "Most Adequate Plaintiff".................................................................. 7

                1.      Movant's Motion Is Timely ........................................................................... 7

                2.      Movant Has A Substantial Financial Interest............................................. 7

                3.      Movant Satisfies Rule 23's Typicality and Adequacy Requirements......... 8

                        a.      Movant's Claims Are Typical of Those of the Class...................... 8

                        b.      Movant Satisfies the Adequacy Requirement of Rule 23 ............... 9

III.    MOVANT'S SELECTION OF LEAD COUNSEL MERITS APPROVAL .................... 10

CONCLUSION........................................................................................................................ 12

# TABLE OF AUTHORITIES

Case                                                                                                                Page(s)

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
    252 F.R.D. 188 (S.D.N.Y. 2008) ............................................................................... 4

*Faig v. Bioscrip, Inc.*,
    No. 13 Civ. 06922 (AJN), 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013) ................................. 8

*Ferrari v. Impath, Inc.*,
    2004 WL 1637053 (S.D.N.Y. July 20, 2004) ............................................................. 5

*In re Bear Stearns Cos., Inc. Sec., Deriv., & ERISA Litig., No. 08 MDL 1963 (RWS)*,
    2009 WL 50132 (S.D.N.Y. Jan. 5, 2009) ................................................................. 9

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) ............................................................................. 10

*In re Elan Corp. Sec. Litig.*,
    No. 1:08-cv-08761-AKH, 2009 WL 1321167 (S.D.N.Y. May 11, 2009) ................................. 9

*In re Orion Sec. Litig.*,
    No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 8, 2008) ................................. 5

*In re Third Ave. Mgmt. LLC Sec. Litig.*,
    No. 16-cv-02758 (PKC), 2016 WL 2986235 (S.D.N.Y. May 13, 2016) ................................. 8

*Kemp v. Universal Am. Fin. Corp.*,
    No. 05 Civ. 9883 (JFK), 2006 WL 1190691 (S.D.N.Y. May 1, 2006) ................................. 7

*Kux-Kardos v. VimpelCom, Ltd.*,
    151 F. Supp. 3d 471 (S.D.N.Y. 2016) ................................................................... 8

*Lowinger v. Global Cash Access Holdings, Inc.*,
    No. 08 Cv. 3516 (SWK), 2008 WL 2566558 (S.D.N.Y. June 26, 2008) ................................. 5

*Martingano v. Am. Int'l Grp., Inc.*,
    No. 06CV1625(JG)(JMA), 2006 WL 1912724 (E.D.N.Y. July 11, 2006) ................................. 6

*Micholle v. Ophthotech Corp.*,
    No. 17-CV-210 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) ................................. 6, 9

*Randall v. Fifth St. Fin. Corp.*,
    No. 15-cv-7759 (LANK), 2016 WL 462479 (S.D.N.Y. Feb. 1, 2016) ................................. 7

*Tan v. NIO, Inc.*,
    No. 19-CV-1424 (NGG)(VMS), 2020 WL 1031489 (E.D.N.Y. Mar. 3, 2020) ......................... 8

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
No. 10-CV-01405 (SLT)(RER), 2011 WL 3511057 (E.D.N.Y. May 31, 2011) ........................ 7

*Xu v. Gridsum Holding Inc.*,
No. 18 Civ. 3655 (ER), 2018 WL 4462363 (S.D.N.Y. Sept. 17, 2018)..................................... 4

Statutes

15 U.S.C. § 78u- 4(a)(3)(B)(iii)(I) .......................................................................................... 2, 10

15 U.S.C. § 78u-4(a)(1) ............................................................................................................. 6

15 U.S.C. § 78u-4(a)(3)(A)(i) ................................................................................................ 6, 7

15 U.S.C. § 78u-4(a)(3)(B) .................................................................................................... 1, 6

15 U.S.C. § 78u-4(a)(3)(B)(i) ................................................................................................ 1, 6

15 U.S.C. § 78u-4(a)(3)(B)(ii) .................................................................................................. 4

15 U.S.C. § 78u-4(a)(3)(B)(iii) ................................................................................................. 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................................................. 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).......................................................................................... 6

15 U.S.C. § 78u-4(a)(3)(B)(v) .............................................................................................. 2, 10

15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) & (B)(v)........................................................................... 9

Rules

Federal Rules of Civil Procedure
Rule 23 .................................................................................................................. passim
Rule 23(a)....................................................................................................................... 8
Rule 23(a)(4) .................................................................................................................. 9
Rule 42(a)....................................................................................................................... 5

Other Authorities

H.R. Conf. Rep. No. 104-369, at 35 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 734 ......... 10

Proposed Lead Plaintiff Tarun Gupta ("Movant") respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of Movant's Motion for the entry of an Order: (i) consolidating the related actions; (ii) appointing Movant as Lead Plaintiff on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired the American Depositary Shares ("ADS") of EHang Holdings Limited ("EHang" or the "Company") between December 12, 2019 and February 16, 2021, both dates inclusive (the "Class Period"); (iii) approving Movant's selection of Berger Montague PC ("Berger Montague") as Lead Counsel and Calcaterra Pollack LLP ("Calcaterra Pollack") as Local Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.[1]

## PRELIMINARY STATEMENT

Movant respectfully submits that he should be appointed Lead Plaintiff on behalf of all investors who acquired EHang ADSs during the Class Period (the "Class") and who were damaged as a result of Defendants' alleged fraud.[2] These actions (the "Actions") allege violations of Sections 10(b) and 20(a) of the Exchange Act against EHang, Huazhi Hu, Richard Jian Liu, and Edward Huaxiang Xu (collectively, the "Defendants").

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant

---

[1] Another class action lawsuit was filed on February 26, 2021 in the United States District Court for the Central District of California. *Klein v. EHang Holdings Limited*, Civil Action No. 2:21-cv-01811 (C.D. Cal.). The *Klein* action alleges substantially identical facts and claims as the instant Actions. Coextensive with the instant Motion, Movant is filing a substantially identical motion for appointment of lead plaintiff and approval of selection of lead counsel in the *Klein* action.

[2] A copy of Movant's Certification pursuant to the PSLRA is attached as Exhibit A to the Declaration of Regina Calcaterra, Esq. ("Calcaterra Decl."), submitted concurrently herewith.

1

has the "largest financial interest" in the relief sought by the Class, and also whether such movant has made a *prima facie* showing that the movant is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

For the reasons stated herein, Movant respectfully submits that he is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. On his Class Period transactions in EHang securities, Movant Tarun Gupta incurred losses of $82,137 on both a first-in-first-out ("FIFO") and last-in-first-out ("LIFO") basis. Movant has the largest known loss of any other movant and a substantial financial interest in recovering losses attributable to Defendants' violations of federal securities laws.

Further, Movant satisfies the typicality and adequacy requirements of Rule 23 in that: (i) Movant's claims arise from the same course of events as those of the other Class members, (ii) Movant relies on similar legal theories to prove Defendants' liability, and (iii) Movant has retained experienced counsel and is committed to vigorously prosecuting the claims.

Finally, pursuant to the PSLRA, Movant respectfully requests that the Court approve his selection of Berger Montague as Lead Counsel for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Berger Montague is a nationally recognized leader representing investors in shareholder litigation and securities class actions for nearly fifty years and has the expertise and resources necessary to handle this complex litigation.

Accordingly, Movant respectfully requests that the Court appoint him as Lead Plaintiff for the Class, consolidate all pending and subsequent actions asserting violations of the federal securities laws arising from the same alleged misconduct, and approve their selection of Lead

Counsel and Local Counsel.

## **FACTUAL BACKGROUND**

EHang, based in Guangzhou, China, is a developer of autonomous aerial vehicle ("AAV") technology. It claims to be engaged in "pioneering" the future of transportation through the proprietary AAVs and related commercial solutions. EHang ADS trade on the NASDAQ stock exchange under the ticker "EH."

According to the Actions, in recent press releases and other public statements, Defendants have touted EHang's AAV business and prospects to investors, including announcing numerous "flight certifications" and "long-term" approvals for its "passenger-grade" EH216 in the U.S., Canada, and various European countries. Indeed, the Company and its senior management have repeatedly asserted that EHang is "the world's leading [AAV] technology platform company."

On February 16, 2021, analyst Wolfpack Research ("Wolfpack") published a scathing report on the Company titled "EHang: A Stock Promotion Destined to Crash and Burn." In this report, Wolfpack accused EHang of being "an elaborate stock promotion, built on largely fabricated revenues based on sham sales contracts with a customer [Shanghai Kunxiang Intelligent Technology Co., Ltd.] who appears to us to be more interested in helping inflate the value of its investment in EH . . . than about buying its products."

Wolfpack represented that it had "gathered extensive evidence" to support its report, "including behind-the-scenes photographs, recorded phone calls, and videos of on-site visits to EH's various facilities." Wolfpack further pointed out that "in just 14 months as a publicly traded company, EH's PR team has put out 50 press releases," but that "EH's constant stream of press releases are easily proven untrue." The report concluded that Wolfpack had "obtained Chinese court records" which showed that the Company's ADSs "may already be in serious jeopardy due

3

to legal issues in China."

This news sent EHang's securities plummeting. The price of its ADS fell from a closing price of $124.09 per share on February 12, 2021 to a closing price of $46.30 on February 16, 2021 – a single-day drop of *more than 62%*.

These Actions followed. They charge Defendants with making materially false and misleading statements regarding EHang's business, operations, and compliance policies. Specifically, they assert that Defendants misrepresented or failed to disclose that: the Company's purported regulatory approvals in Europe and North America for its EH216 were for use as a drone, and not for carrying passengers; EHang's relationship with its purported primary customer is a sham; EHang has only collected on a fraction of its reported sales since its ADSs began trading on NASDAQ in December 2019; and the Company's manufacturing facilities were practically empty and lacked evidence of advanced manufacturing equipment or employees.

## ARGUMENT

### I.    THE ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) ("[T]he Court shall not make the determination of the most adequate plaintiff until after the decision on the motion to consolidate is rendered.") (quotation marks omitted).

Consolidation pursuant to Rule 42(a) is appropriate when actions "involve common questions of law or fact." *Xu v. Gridsum Holding Inc.*, No. 18 Civ. 3655 (ER), 2018 WL 4462363, at *3 (S.D.N.Y. Sept. 17, 2018) (quotation marks omitted). In securities class action cases, such as

this one, courts have deemed consolidation particularly appropriate where the actions "are based on the same public statements and reports" if there are "common questions of law and fact and [if] the defendant will not be prejudiced." *Ferrari v. Impath, Inc.,* 2004 WL 1637053, at *2 (S.D.N.Y. July 20, 2004). *See also Lowinger v. Global Cash Access Holdings, Inc*., No. 08 Cv. 3516 (SWK), 2008 WL 2566558, at *1 (S.D.N.Y. June 26, 2008). "[S]light differences in the facts alleged and legal issues raised do not preclude consolidation." *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *3 (S.D.N.Y. July 8, 2008).

Here, the Actions are well-suited for consolidation. Each Action alleges a substantially similar fraudulent scheme relating to similar parties, transactions, and events. Each Action asserts that Defendants made materially false and misleading statements and omissions concerning the development of EHang's AAVs and its business and financial prospects associated with its products. Because consolidation will promote judicial efficiency and conserve the resources of the Class and all other parties, consolidation is appropriate pursuant to Federal Rule of Civil Procedure 42(a).

Accordingly, Movant respectfully requests that the Court consolidate the Actions, as well as any subsequently filed actions.

## II.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Movant respectfully submit that he should be appointed Lead Plaintiff because he filed the instant Motion in a timely manner, has a substantial if not the largest financial interest in this litigation, and satisfies the typicality and adequacy requirements of Rule 23.

### A.   The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action

pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> > (I)      of the pendency of the action, the claims asserted therein, and the purported class period; and
> >
> > (II)     that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (i) filed a complaint or timely filed a motion to serve as Lead Plaintiff; (ii) has the largest financial interest in the relief sought by the class; and (iii) who otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Micholle v. Ophthotech Corp.*, No. 17-CV-210 (VSB), 2018 WL 1307285, at *4 (S.D.N.Y. Mar. 13, 2018); *Martingano v. Am. Int'l Grp., Inc.*, No. 06CV1625(JG)(JMA), 2006 WL 1912724, at *3 (E.D.N.Y. July 11, 2006). Under the criteria established by the PSLRA, Movant is the most adequate plaintiff and should be appointed Lead

Plaintiff.

### B.      Movant Is The "Most Adequate Plaintiff"

#### 1.      Movant's Motion Is Timely

Movant has timely filed this Motion to serve as Lead Plaintiff. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the above-captioned action caused notice regarding the pending nature of this case to be published on *Globe Newswire,* a widely-circulated, business-oriented news wire service, on February 18, 2021. *See* Notice, Calcaterra Decl., Ex. B. Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before April 19, 2021. Movant filed this Motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.

#### 2.      Movant Has A Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Kemp v. Universal Am. Fin. Corp.*, No. 05 Civ. 9883 (JFK), 2006 WL 1190691, at *2 (S.D.N.Y. May 1, 2006).

Movant Gupta has incurred substantial losses of $82,137 on both a FIFO and LIFO basis on his Class Period transactions in EHang securities. *See* Loss Analysis, Calcaterra Decl., Ex. C; *see also Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-CV-01405 (SLT)(RER), 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (finding the movant with the largest financial interest to be the presumptive "most adequate plaintiff"). Accordingly, Movant has a substantial financial interest in the outcome of the litigation and is presumptively the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Randall v. Fifth St. Fin. Corp.*, No. 15-cv-

7

7759 (LANK), 2016 WL 462479, at *1 (S.D.N.Y. Feb. 1, 2016) (same).

### 3. Movant Satisfies Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Federal Rule of Civil Procedure 23." *See Tan v. NIO, Inc.*, No. 19-CV-1424 (NGG)(VMS), 2020 WL 1031489, at *2-3 (E.D.N.Y. Mar. 3, 2020); *see also In re Third Ave. Mgmt. LLC Sec. Litig.*, No. 16-cv-02758 (PKC), 2016 WL 2986235, at *1 (S.D.N.Y. May 13, 2016). At the lead plaintiff selection stage, all that is required to satisfy Rule 23 is a preliminary showing that the lead plaintiff's claims are typical and adequate. *See Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016). Here, Movant satisfies both requirements.

#### a. Movant's Claims Are Typical of Those of the Class

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Faig v. Bioscrip, Inc.*, No. 13 Civ. 06922 (AJN), 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *See id.*

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants made material misstatements and omissions relating to the development of EHang's AAVs and its business and financial prospects in violation of the federal securities laws. Like all the members of the Class, Movant purchased EHang securities in reliance on Defendants' public statements, including their alleged misrepresentations and omissions, and was damaged thereby. Because Movant's claims arise from the same course of events as the claims of all other Class members, the typicality requirement is satisfied. *See*

*Micholle*, 2018 WL 1307285, at \*6.

> **b.      Movant Satisfies the Adequacy Requirement of Rule 23**

In addition, Movant satisfies the adequacy requirement of Rule 23. The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class."

Courts in this District assess a movant's adequacy based on: "(1) the size, available resources and experience of the proposed lead plaintiff; (2) the qualifications of the proposed class counsel; and (3) any potential conflicts or antagonisms rising among purported class members." *In re Elan Corp. Sec. Litig.*, No. 1:08-cv-08761-AKH, 2009 WL 1321167, at \*2 (S.D.N.Y. May 11, 2009) (quoting *In re Bear Stearns Cos., Inc. Sec., Deriv., & ERISA Litig.*, No. 08 MDL 1963 (RWS), 2009 WL 50132, at \*8 (S.D.N.Y. Jan. 5, 2009)).

Here, Movant will fairly and adequately represent the interests of the proposed Class. Movant Gupta has resources and motivation sufficient to pursue the above-captioned action to a successful conclusion. Moreover, Movant is committed to pursuing the best recovery possible for himself and all other Class members. Movant incurred substantial losses and thus is highly motivated to maximize any recovery. Movant also has selected and retained experienced counsel, Berger Montague, with a more than fifty-year record of prosecuting securities class actions vigorously and efficiently, *see infra* Section III. Movant has timely submitted his choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) & (B)(v).

Furthermore, no antagonism exists between Movant's interests and those of the absent Class members. Rather, they are aligned. Like all other Class members, Movant suffered substantial losses due to Defendants' alleged misconduct and, therefore, has a sufficient and

identical interest in the outcome of this case to ensure vigorous prosecution of the litigation for the benefit of all Class members.

Finally, there is no evidence to suggest that Movant is "subject to unique defenses that render such plaintiff incapable of representing the class," because no such evidence exists. 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(II). Accordingly, Movant satisfies the adequacy requirement.

Thus, Movant clearly satisfies the requirements of the PSLRA for lead plaintiff appointment and should be appointed Lead Plaintiff on behalf of the putative Class of damaged EHang investors here.

## III.   MOVANT'S SELECTION OF LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the plaintiff class." H.R. Conf. Rep. No. 104-369, at 35 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Movant has selected the law firm of Berger Montague to represent the Class. Berger Montague has a long record of success in securities litigation and has achieved many of the largest securities recoveries since Congress enacted the PSLRA. The Firm advises clients on litigation and recovery options in securities proceedings throughout the United States and internationally. Berger Montague has served as lead or co-lead counsel in numerous other major securities class action cases, both within this District and beyond, where substantial settlements were achieved on behalf of investors, including: *In re Merrill Lynch Securities Litigation* (S.D.N.Y.) (recovery

of $475 million); *In re Sotheby's Holding, Inc. Securities Litigation* (S.D.N.Y.) (a $70 million settlement, of which $30 million was contributed, personally, by an individual defendant); *In re KLA Tencor Securities Litigation* (N.D. Cal.) (settlement of $65 million); *In re CIGNA Corp. Securities Litigation* (E.D. Pa.) (settlement of $93 million); and *In re Rite Aid Corp. Securities Litigation* (E.D. Pa.) (settlements totaling $334 million). *See* Berger Montague Firm Resume, Calcaterra Decl., Ex. D.

In addition, Movant has selected the law firm of Calcaterra Pollack LLP ("Calcaterra Pollack") to serve as Local Counsel. Calcaterra Pollack is a women-owned and women-run firm specializing, among other things, in securities, antitrust and consumer class actions. Its partners have over five decades of collective experience in complex federal and state litigation including experience representing individual and institutional investors in federal and state securities litigation, and on matters of corporate governance and shareholder rights. Calcaterra Pollack currently serves as Co-Counsel representing public pension and employee benefit funds operated by North America's largest public transportation authority in *Metropolitan Transportation Authority Defined Benefit Pension Plan Master Trust, et al. v. Allianz Global Investors U.S., LLC, et al.*, Case No. 1:20-cv-07842 (S.D.N.Y.), a securities class action alleging negligence and breaches of contract and fiduciary duties in connection with losses sustained via an alternative investment fund (Structured Alpha 1000) trading in short and long index option positions. *See* Calcaterra Decl., Ex. E.

In light of the foregoing, by approving Movant's selection of Berger Montague as Lead Counsel and Calcaterra Pollack as Local Counsel for the Class, the Court can be assured that the Class will receive the highest quality representation. Thus, the Court should approve this selection.

11

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order: (i) consolidating the related actions; (ii) appointing Movant Tarun Gupta as Lead Plaintiff; (iii) approving Movant's selection of Berger Montague as Lead Counsel and Calcaterra Pollack as Local Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: April 19, 2021

Respectfully submitted,

/s/ *Regina Calcaterra*
Regina Calcaterra
CALCATERRA POLLACK LLP
1140 Avenue of the Americas, 9th Floor
New York, NY 10036-5803
Tel: (212) 899-1765
Email: rcalcaterra@calcaterrapollack.com

Sherrie R. Savett
Michael Dell'Angelo
Andrew Abramowitz
Donnell Much
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: ssavett@bm.net
        mdellangelo@bm.net
        aabramowitz@bm.net
        dmuch@bm.net

***Attorneys for Lead Plaintiff Movant Tarun Gupta and Proposed Lead Counsel for the Class***

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 19, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ *Regina Calcaterra*
Regina Calcaterra
