**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EYOBE AMBERBER, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>   v.<br><br>EHANG HOLDINGS LIMITED, HUAZHI HU, RICHARD JIAN LIU, and EDWARD HUAXIANG XU,<br><br>      Defendants. | Case No.: 1:21-cv-01392-GBD<br><br>CLASS ACTION |
| VIVIAN CHAUMONT, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>   v.<br><br>EHANG HOLDINGS LIMITED, HUAZHI HU, RICHARD JIAN LIU, and EDWARD HUAXIANG XU,<br><br>      Defendants. | Case No.: 1:21-cv-01526-GBD |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF JAMES OVIATT FOR CONSOLIDATION OF THE RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL**

Plaintiff James Oviatt ("Movant") respectfully submits this memorandum of law in support of his motion for:

(a) consolidation of the above-captioned related actions pursuant to Federal Rule of Civil Procedure 42(a);

(b) appointment as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and

(c) approval of his selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel for the litigation.

### PRELIMINARY STATEMENT

Presently pending are the above-captioned securities class actions (the "Actions")[1] asserting violations of the Exchange Act against Defendants on behalf of all persons or entities (the "Class") that purchased or otherwise acquired EHang Holdings Limited ("EHang" or the "Company") between December 12, 2019 and February 16, 2021 (the "Class Period").

Under the PSLRA, class action complaints alleging violations of the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action (the "Lead Plaintiff"). The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

---

[1] In addition to the Actions, an EHang shareholder filed an action in the United States District Court for the Central District of California. *See Klein v. EHang Holdings Limited et al.*, No. 2:21-cv-01811-JFW-PVC (C.D. Cal.). Movant has simultaneously filed a motion seeking lead plaintiff appointment in *Klein*.

Movant respectfully submits that he should be appointed Lead Plaintiff in this Action. Movant, an investor with more than 10 years of investing experience that resides in the State of Florida, meets all the relevant requirements of being the "most adequate" plaintiff. First, Movant has made a timely motion. Second, Movant believes he has the largest financial interest in the Action as he lost $71,695.42 on his purchases of EHang securities during the Class Period. Movant's substantial financial interest in this Action will ensure his vigorous prosecution of the Class' claims. Third, Movant handily satisfies Federal Rules 23(a)(3) and (a)(4), as his claims are typical of the claims of the Class and Movant will fairly and adequately represent the interests of the Class. Movant has no conflicts with other members of the Class. Additionally, Movant has further demonstrated his adequacy here by selecting experienced and qualified counsel that can adequately represent the Class, and has negotiated a favorable fee for the benefit of the Class with his chosen counsel in connection with that representation.

Accordingly, for the reasons discussed below, Movant respectfully requests that the Court grant his motion, consolidate the Actions, appoint Movant as Lead Plaintiff, and approve his choice of counsel for Lead Counsel and Liaison for the Class.

## SUMMARY OF ALLEGATIONS

EHang purports to be an autonomous aerial vehicle ("AAV") technology platform company. The Company has stated that it is "pioneering the future of transportation through our proprietarily developed AAVs and related commercial solutions."

The Action alleges that Defendants made materially false and misleading statements throughout the Class Period. Specifically, the Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company's purported regulatory approvals in Europe and North America for its EH216 were for its use as a drone, but not for carrying passengers; (ii) EHang's relationship with its purported primary customer is a sham; (iii) EHang has only collected

funds on a fraction of its reported sales since its ADSs began trading on NASDAQ in December 2019 (iv) the Company's manufacturing facilities were practically empty and lacked evidence of advanced manufacturing equipment or employees; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times.

On February 16, 2021, analyst Wolfpack Research ("Wolfpack") published a scathing report entitled: EHang: A Stock Promotion Destined to Crash and Burn." In this report, and as further alleged herein, Wolfpack wrote that EHang is "an elaborate stock promotion, built on largely fabricated revenues based on sham sales contracts with a customer [Shanghai Kunxiang Intelligent Technology Co., Ltd.,("Kunxiang")] who appears to us to be more interested in helping inflate the value of its investment in EH[ang]… than about buying its products."

On this news, the price of EHang ADSs fell from their February 12, 2021 close of $124.09 per share to a February 16, 2021 close of $46.30 per share, a one day drop of $77.79 per share, or approximately 62.7%.

**ARGUMENT**

**I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15

U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the Actions alleges substantially similar factual and legal grounds to support allegations of violations of the Exchange Act by the Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.      THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

### A.      The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person that:

i)      has either filed the complaint or made a motion in response to an Early Notice;

4

ii) in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth *infra*, Movant meets the foregoing criteria, and therefore is entitled to the presumption of being the "most adequate plaintiff" of the Class.

### B. Movant is the Most Adequate Plaintiff

Movant respectfully submits that he is presumptively the "most adequate plaintiff" because he has made a motion in response to an Early Notice, has the largest financial interest in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

#### 1. Movant's Motion is Timely

On February 18, 2021, the Early Notice was published via Globe Newswire. *See* Declaration of Laurence Hasson ("Hasson Decl."), Exhibit ("Ex.") A. Accordingly, putative class members had until April 19, 2021 to file their lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.")

Movant has timely filed this motion in response to the Early Notice. Additionally, he filed a sworn certification, pursuant to 15 U.S.C. § 78u-4(a)(2)(A), attesting to his review of the

5

complaint in this action and his willingness to serve as the representative of the Class, including providing testimony at deposition and trial, if necessary. *See* Hasson Decl., Ex. B. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2. Movant Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movant suffered a substantial loss of $71,695.42 in connection with his purchases of EHang securities. *See* Hasson Decl., Ex. C. Movant is not aware of any other movant that has a greater financial interest than him in this litigation. Accordingly, Movant believes he has the largest financial interest in this litigation.

### 3. Movant Meets the Requirements of Fed. R. Civ. P. 23

"At this stage of the litigation, in determining whether a movant is the presumptive lead plaintiff under the PSLRA, only a *prima facie* showing that the requirements of Rule 23 are met is necessary." *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) (emphasis in original). Movant satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are "the only [Rule 23] provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*

### 1. Movant's Claims Are Typical of Those of the Class

A lead plaintiff movant is typical of other proposed class members under Rule 23 if "its claims…arise from purchases made in reliance on the same alleged misstatements and omissions that the complainants and other movants base their claims on, and they also seek the same relief, based on the same legal theories." *Kukkadapu v. Embraer S.A.*, 2016 WL 6820734, at *2 (S.D.N.Y.

Oct. 20, 2016).  Movant's claims are typical of the Class in that he: (i) suffered the same injuries as a result of the same, or substantially the same, course of conduct by the named defendants; and (ii) bases his claims on the same, or substantially the same, legal theories as the Class. *Id.*

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether:

- Defendants violated the federal securities laws; and

- the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to Movant as to all members of the Class. Since Movant's claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

### 2. Movant Will Fairly and Adequately Protect the Interests of the Class

The adequacy requirement, in turn, is satisfied where: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the plaintiff has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 536 (S.D.N.Y. 2015).

Movant is an adequate Lead Plaintiff. Movant and the other members of the Class have the same interest: to maximize the recovery from Defendants as a result of the alleged fraud. Because of Movant's substantial financial stake in the litigation, Class members can be assured that Movant has the incentive to vigorously prosecute the claims.

Additionally, Movant has further demonstrated his adequacy through his selection of Bernstein Liebhard as Lead Counsel for the proposed Class. As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in the area of securities class action

litigation and has repeatedly demonstrated its ability to prosecute complex securities class action lawsuits both in this District and nationwide.

## III.   THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Hasson Decl., Ex. D (Firm Résumé of Bernstein Liebhard). Accordingly, the Court may be assured that by approving Bernstein Liebhard as Lead Counsel, the Class is receiving high-caliber legal representation.

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country. Some of the firm's most recent Lead Counsel appointments include *In re Hexo Corp Sec. Litig.*, No. 1:19-cv-10965-NRB (S.D.N.Y.); *Stirling v. Ollie's Bargain Outlet Holdings Inc.*, No. 1:19-cv-08647-JPO (S.D.N.Y.); and *In re Fiat Chrysler Automobiles N.V. Sec. Litig.*, No. 1:19-cv-06770-ERK (E.D.N.Y.).

*The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2016, Bernstein Liebhard was listed for the eleventh consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

8

- *In re Fannie Mae Securities Litigation*, No. 04-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million);

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action); and

- *City of Austin Police Retirement System v. Kinross Gold Corp. et al.*, No. 12-CV-01203-VEC (S.D.N.Y. 2012) ($33 million settlement).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (i) consolidate the Actions; (ii) appoint Movant as Lead Plaintiff; and (iii) approve Movant's selection of Bernstein Liebhard as Lead Counsel for the litigation

Dated: April 19, 2021                          Respectfully submitted,

/s/Laurence J. Hasson
**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson
Matthew E. Guarnero
10 East 40th Street

9

New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email:  lhasson@bernlieb.com
        mguarnero@bernlieb.com

*Counsel for Movant and Proposed Lead
Counsel for the Proposed Class*

10

## CERTIFICATE OF SERVICE

I, Laurence J. Hasson, hereby certify that on April 19, 2021, a true and correct copy of the annexed **MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF JAMES OVIATT FOR CONSOLIDATION OF THE RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL** was served in accordance with the Federal Rules of Civil Procedure with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all parties with an email address of record who have appeared and consented to electronic service in this action.

Dated: April 19, 2021                                          */s/Laurence J. Hasson*
                                                                Laurence J. Hasson

11