UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| EYOBE AMBERBER, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:21-cv-01392-GBD |
| | : | |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| EHANG HOLDINGS LIMITED, HUAZHI, HU, RICHARD JIAN LIU, and EDWARD, HUAXIANG XU, | : | |
| | : | |
| Defendants. | : | |
| | X | |
| VIVIAN CHAUMONT, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:21-cv-01526-GBD |
| | : | |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| EHANG HOLDINGS LIMITED, HUAZHI, HU, RICHARD JIAN LIU, and EDWARD, HUAXIANG XU, | : | |
| | : | |
| Defendants. | : | |
| | x | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF
RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF
SELECTION OF COUNSEL

4851-0671-5366.v1

## I.    INTRODUCTION

Presently pending before this Court are two related securities class action lawsuits (the "Related Actions") brought on behalf of investors who purchased EHang Holdings Limited ("EHang" or the "Company") American depository shares ("ADSs") between December 12, 2019 and February 16, 2021, inclusive (the "Class Period"), seeking to pursue remedies under §§10(b) and 20(a) the Securities Exchange Act of 1934 (the "1934 Act") against the Company and three of its senior executives.[1]

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Here, consolidation is appropriate because the Related Actions assert the same 1934 Act claims against identical defendants during identical class periods. *See* Fed. R. Civ. P. 42(a).

Thereafter, the PSLRA directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Here, Gad Shitrit should be appointed as lead plaintiff because he: (1) timely filed this Motion; (2) has the largest financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Mr. Shitrit's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Johnson Fistel, LLP ("Johnson Fistel"), counsel with extensive experience prosecuting complex

---

[1]    The Related Actions are: (1) *Amberber v. EHang Holdings Ltd.*, No. 1:21-cv-01392-GBD, filed on February 17, 2021; and (2) *Chaumont v. EHang Holdings Ltd.*, No. 1:21-cv-01526-GBD, filed on February 19, 2021.  One additional related action was subsequently filed on February 26, 2021, in the United States District Court for the Central District of California, *Klein v. EHang Holdings Ltd.*, 2:21-cv-01811-JFW-PVC.  Lead plaintiff movant Gad Shitrit has also concurrently filed a motion for appointment as lead plaintiff in the *Klein* action.

securities class actions, as lead counsel for the putative class should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

EHang purports to be an autonomous aerial vehicle ("AAV") technology platform company. EHang has stated that it is "pioneering the future of transportation through our proprietarily developed AAVs and related commercial solutions.  We believe we are the first in the world to launch passenger-grade AAVs, setting a new milestone in the development and proliferation of AAV technology."  ECF No. 1 at ¶2.  EHang's purported flagship passenger-grade AAV is the "EH216."

The complaints allege that, throughout the Class Period, defendants made false and/or misleading statements and/or failed to disclose that: (i) EHang's purported regulatory approvals in Europe and North American for its EH216 were for use as a drone, and not for carrying passengers; (ii) its relationship with its purported primary customer is a sham; (iii) EHang has only collected on a fraction of its reported sales since its ADSs began trading on NASDAQ in December 2019; (iv) EHang's manufacturing facilities were practically empty and lacked evidence of advanced manufacturing equipment or employees; and (v) as a result, EHang's public statements were materially false and misleading at all relevant times.

On February 16, 2021, analyst Wolfpack Research published a report entitled "EHang: A Stock Promotion Destined to Crash and Burn."  In this report, Wolfpack Research wrote that EHang is "an elaborate stock promotion, built on largely fabricated revenues based on sham sales contracts with a customer [Shanghai Kunxiang Intelligent Technology Co., Ltd. ("Kunxiang")] who appears to us to be more interested in helping inflate the value of its investment in [EHang] . . . than about buying its products."  ECF No. 1 at ¶5.  Wolfpack Research further wrote that it had "gathered extensive evidence" to support its report, "including behind-the-scenes photographs, recorded phone

- 2 -

calls, and videos of on-site visits to [EHang]'s various facilities." *Id.* Wolfpack Research also noted that "in just 14 months as a publicly traded company, [EHang]'s PR team has put out 50 press releases . . . . However, [EHang]'s constant stream of press releases are easily proven untrue." *Id.* Finally, Wolfpack Research wrote that it "obtained Chinese court records which show that [EHang]'s [ADSs] may already be in serious jeopardy due to legal issues in China." *Id.* On this news, the price of EHang ADSs fell nearly 63%, damaging investors.

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.'" *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007).

The Related Actions here share sufficiently common legal and factual questions to warrant consolidation. Given that both actions assert the same 1934 Act claims against identical defendants in the same Class Period, consolidation will prevent needless duplication and possible confusion, as well as potentially inconsistent jury verdicts. There is also little or no risk of prejudice to the parties from consolidation. Because these Related Actions are based on the same facts and legal issues, the same discovery will pertain to both lawsuits. Thus, consolidation is appropriate here.

### B.     Mr. Shitrit Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). Mr. Shitrit meets each of these requirements and should therefore be appointed Lead Plaintiff.

### 1.     Mr. Shitrit's Motion Is Timely

On February 17, 2021, plaintiff in the first-filed *Amberber* action published notice on *Accesswire*, advising class members of the pendency of the action, the alleged claims, its class definition, and the option of moving the Court to be appointed as lead plaintiff within 60 days, or by April 18, 2021. *See* Declaration of Samuel H. Rudman in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel ("Rudman Decl."), Ex. A. April 18, 2021 is a Sunday and pursuant to Fed. R. Civ. P. 6(a)(1)(C), the "next day that is not a Saturday, Sunday, or legal holiday," is April 19, 2021. Because Mr. Shitrit's motion was timely filed by the statutory deadline, he is eligible for appointment as lead plaintiff.

### 2.    Mr. Shitrit Possesses the Largest Financial Interest

As indicated in its Certification and loss chart, Mr. Shitrit purchased 4,884 shares of EHang securities during the Class Period and suffered approximately $136,679 in losses.  *See* Rudman Decl., Exs. B, C.  To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest.    Therefore, Mr. Shitrit satisfies the PSLRA's "largest financial interest" requirement.

### 3.    Mr. Shitrit Otherwise Satisfies Rule 23

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  At this stage of the litigation, courts focus on the typicality and adequacy requirements. *Lopez v. CTPartners Exec. Search Inc.*, 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015).  "A lead plaintiff's claims are typical where 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id*. (citation omitted).  "A lead plaintiff is adequate where he 'does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent.'" *Id*. (citation omitted).

Mr. Shitrit satisfies the typicality threshold because his claims arise from the same conduct from which the other class members' claims and injuries arise.  Just like all other class members, Mr. Shitrit purchased EHang ADSs during the relevant time period, was adversely affected by defendants' allegedly false and misleading statements, and suffered damages thereby.  In addition, Mr. Shitrit is an adequate representative of the class because his interests are aligned with those of the putative class and there is no evidence of any antagonism between Mr. Shitrit's interests and the

class's interests.  Mr. Shitrit has further demonstrated his ability and desire to serve as lead plaintiff by submitting a Declaration with his motion.  *See* Rudman Decl., Ex. D.

Because Mr. Shitrit filed a timely motion, has a large financial interest in the relief sought by the class, is typical and adequate of the putative class, and selected qualified counsel (as set forth below) the Court should adopt the presumption that it is the presumptive lead plaintiff.

### C.      Mr. Shitrit's Selection of Counsel Should Be Approved

The PSLRA provides that the most adequate plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. §78u-4(a)(3)(B)(v); *see also Lopez*, 2015 WL 2431484, at *3.  Here, Mr. Shitrit has selected Robbins Geller and Johnson Fistel to serve as Lead Counsel for the proposed class.

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[2]  Courts throughout the country, including within this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Hellerstein, J.) (concerning Robbins Geller's role as lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their

---

[2]      For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com/.  A hard copy of the Firm's resume is available upon the Court's request, if preferred.

4851-0671-5366.v1

client was zealous"); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, ECF No. 243 at 10-11 (S.D.N.Y. May 2, 2016) (Preska, J.) (concerning Robbins Geller's role as lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers. They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law. I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute . . . . Counsel, you can all be proud of what you've done for your clients. You've done an extraordinarily good job").

Notably, in 2021, Robbins Geller has already recovered $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.), and in 2020, the Firm recovered $1.02 billion in *Am. Realty* and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.) – the top two securities class action recoveries in 2020. Robbins Geller attorneys have also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[3]

---

[3]     *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*,

Likewise, Johnson Fistel, with offices in San Diego, California, New York, New York, and Marietta, Georgia, is a leading class action law firm and has earned a reputation for excellence and innovation in shareholder rights litigation. Johnson Fistel has been appointed as lead or co-lead counsel in shareholder litigation numerous times in federal and state courts throughout the country, and has successfully litigated numerous such cases on behalf of injured investors. *See, e.g.*, *In re Flowers Foods, Inc. Sec. Litig.*, No. 7:16-cv-00222-WLS (M.D. Ga.) (Sands, J.) (regarding Johnson Fistel's role as co-lead counsel in a securities case recovering $21 million for the class, noting: "I'd also just like to acknowledge just really the professional way you all handled this case . . . and I think it is that type of substantial work from opposing sides that I think that is what we look at a settlement that both sides of this case have been well represented and represented so the Court is satisfied that it has been in the hands of people who knew what they were doing . . . ."); *see also* https://www.johnsonfistel.com.[4]

Robbins Geller and Johnson Fistel have experience serving as lead counsel with one another and understand the importance of providing comprehensive representation to the class without performing duplicative work. *See, e.g.*, *Gerneth v. Chiasma, Inc.*, No. 1:16-cv-11082-DJC (D. Mass.) (Robbins Geller and Johnson Fistel, as lead counsel in securities case, secured an $18.75 million class-wide settlement).

Thus, the Court can be assured that by approving Mr Shitrit's choice of Robbins Geller and Johnson Fistel as Lead Counsel, the putative class will receive the highest caliber of representation without duplicating fees, costs, or expenses.

---

No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

[4]     A hard copy of Johnson Fistel's resume detailing its track record, resources, and attorneys is available upon the Court's request, if preferred.

4851-0671-5366.v1

## IV.   CONCLUSION

The Related Actions should be consolidated as they involve common legal and factual questions.  Additionally, Mr. Shitrit has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, Mr. Shitrit respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Lead Counsel.

DATED:  April 19, 2021

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

*s/ Samuel H. Rudman*
SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
TRICIA L. MCCORMICK
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
triciam@rgrdlaw.com
malpert@rgrdlaw.com

JOHNSON FISTEL, LLP
FRANK J. JOHNSON
BRETT M. MIDDLETON
655 West Broadway, Suite 1400
San Diego, CA 92101
Telephone: 619/230-0063
619/255-1856 (fax)
frankj@johnsonfistel.com
brettm@johnsonfistel.com

- 9 -

4851-0671-5366.v1

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

4851-0671-5366.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on April 19, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Samuel H. Rudman
SAMUEL H. RUDMAN

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  srudman@rgrdlaw.com

4851-0671-5366.v1

# Mailing Information for a Case 1:21-cv-01392-GBD Amberber v. EHang Holdings Limited et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey Craig Block**
  jeff@blockesq.com,jason@blockesq.com,pacer-blockleviton-9062@ecf.pacerpro.com

- **Guillaume Buell**
  gbuell@tenlaw.com,emclaughlin@tenlaw.com,8927635420@filings.docketbird.com

- **Regina Marie Calcaterra**
  rcalcaterra@calcaterrapollack.com

- **Laurence Jesse Hasson**
  lhasson@bernlieb.com

- **Stephen J. Teti**
  steti@blockesq.com

- **James Milligan Wilson , Jr**
  jwilson@faruqilaw.com,ecf@faruqilaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)