**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EYOBE AMBERBER, Individually and on Behalf of All Others Similarly Situated,<br><br>         Plaintiff,<br><br>   v.<br><br>EHANG HOLDINGS LIMITED, HUAZHI HU, RICHARD JIAN LIU, and EDWARD HUAXIANG XU,<br><br>         Defendants. | Case No. 1:21-cv-01392-GBD<br><br>CLASS ACTION |
| VIVIAN CHAUMONT, Individually and on Behalf of All Others Similarly Situated,<br><br>         Plaintiff,<br><br>   v.<br><br>EHANG HOLDINGS LIMITED, HUAZHI HU, RICHARD JIAN LIU, and EDWARD HUAXIANG XU,<br><br>         Defendants. | Case No. 1:21-cv-01526-GBD<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE THE RELATED ACTIONS, APPOINT RAMIRO PINEDA AS LEAD PLAINTIFF AND APPROVE THE SELECTION OF LEAD COUNSEL**

010993-11/1469008 V1

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...........................................................................................................1

II.   FACTUAL BACKGROUND ........................................................................................2

III.  ARGUMENT ................................................................................................................3

    A.    The Related Actions Should Be Consolidated ........................................................3

    B.    Movant Should Be Appointed Lead Plaintiff ..........................................................4

        1.    Movant's Motion Is Timely .........................................................................4

        2.    Movant Has The Largest Financial Interest In The Relief

              Sought By The Class ...................................................................................5

        3.    Movant Satisfies The Requirements Of Rule 23 ........................................5

    C.    The Court Should Approve Movant's Selection of Counsel ...................................6

IV.   CONCLUSION .............................................................................................................7

## TABLE OF AUTHORITIES

**Page(s)**

### Federal Cases

*In re eSpeed, Inc. Sec. Litig.*,
    232 F.R.D. 95 (S.D.N.Y. 2005) ...................................................................................5

*Jakobsen v. Aphria, Inc.*,
    2019 WL 1522598 (S.D.N.Y. Mar. 27, 2019) ...................................................4, 6

*Moshell v. Sasol Ltd., et al.*,
    No. 1:20-cv-01008 (S.D.N.Y.).....................................................................................7

*Richman v. Goldman Sachs Grp., Inc.*,
    274 F.R.D. 473 (S.D.N.Y. 2011) ................................................................................4

*Topping v. Deloitte Touche Tohmatsu CPA*,
    95 F. Supp. 3d 607 (S.D.N.Y. 2015).........................................................................6

### Federal Statutes

15 U.S.C. § 78u-4 *et seq.*.................................................................................*passim*

15 U.S.C. § 78u-4(a)(3)(A) ..........................................................................................4

15 U.S.C. § 78u-4(a)(3)(B).............................................................................................1

15 U.S.C. § 78u-4(a)(3)(B)(i) ........................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(ii) ..................................................................................1, 3

15 U.S.C. § 78u-4(a)(3)(B)(iii) .....................................................................................2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................................2, 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ..........................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(v) .......................................................................................6

### Other Authorities

Fed. R. Civ. P. 23...................................................................................................2, 4, 5

Fed. R. Civ. P. 42(a)......................................................................................................1

Ramiro Pineda ("Mr. Pineda" or "Movant") respectfully submits this Memorandum of Law in support of his Motion for: (1) consolidation of the two above-captioned related actions; (2) appointment as Lead Plaintiff pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (3) approval of his selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel for the class; and (4) granting such other and further relief as the Court may deem just and proper.

## I.    INTRODUCTION

The two above-captioned actions allege that EHang Holdings Limited ("EHang," "EH," or the "Company") and certain of its officers made materially false and misleading statements in violation of the Securities Exchange Act of 1934.[1]  Specifically, the actions allege Defendants made material misrepresentations and omissions concerning EHang's autonomous aerial vehicle ("AAV") technology platform.  Given that the two actions assert identical claims against identical Defendants on behalf of overlapping classes of investors that purchased EHang securities during the same class period, the cases should be consolidated.  *See* Fed. R. Civ. P. 42(a).

Next, pursuant to the PSLRA, the Court is to appoint "the most adequate plaintiff as lead plaintiff for the consolidated actions."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the

---

[1] In addition to the above-captioned actions, on February 26, 2021, a related securities fraud class action filed against Defendants on behalf of the same putative class of EHang investors and alleging identical claims has been filed in the United States District Court for the Central District of California.  *See Klein v. EHang Holdings Limited et al.*, 2:21-cv-01811-JFW-PVC (C.D. Cal.) (Walter, J.).  Mr. Pineda has concurrently moved for appointment as Lead Plaintiff in that action. Should Mr. Pineda be appointed Lead Plaintiff, Mr. Pineda will seek to have these actions litigated in a single forum.

class in this litigation and whether that movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, Mr. Pineda respectfully submits that he is the "most adequate plaintiff" under the PSLRA's analysis and should be appointed Lead Plaintiff. Mr. Pineda believes he has the largest financial interest in the above-captioned actions by virtue of his substantial investments in EH securities during the alleged class period. *See* Certification, Loss Chart, and Declaration of Lucas E. Gilmore ("Gilmore Decl."), Exhibits ("Ex.") A, B, and C, submitted herewith; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii). Specifically, Mr. Pineda purchased a total 1,600 EHang securities and suffered over $89,000 in losses during the alleged class period.

## II.    FACTUAL BACKGROUND

EHang purports to be an autonomous aerial vehicle ("AAV") technology platform company. In their public statements, Defendants have promoted EHang's AAV business and prospects, including announcing numerous "flight certifications" and "long-term" approvals for its "passenger-grade" EH-216 in the US, Canada, and various European countries. EHang American Depository Shares (ADS) trade on the NASDAQ stock exchange under the ticker "EH."

The Actions allege that, throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business. Specifically, Defendants alleged misrepresented and concealed that: (i) the Company's purported regulatory approvals in Europe and North American for its EH216 were for use as a drone, and not for carrying passengers; (ii) its relationship with its purported primary customer is a sham; (iii) EHang has only collected on a fraction of its reported sales since its ADS began trading on NASDAQ in December 2019; (iv) the Company's manufacturing facilities were practically empty and lacked evidence of advanced

2

manufacturing equipment or employees; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times.

The Actions allege that the truth emerged during the trading day on February 16, 2021, when analyst Wolfpack Research published a scathing report entitled "EHang: A Stock Promotion Destined to Crash and Burn."  In the report, Wolfpack Research wrote that EHang is "an elaborate stock promotion, built on largely fabricated revenues based on sham sales contracts with a customer [Shanghai Kunxiang Intelligent Technology Co., Ltd. ("Kunxiang")] who appears to us to be more interested in helping inflate the value of its investment in EH . . . than about buying its products."  Wolfpack Research wrote that it had "gathered extensive evidence" to support its report, "including behind-the-scenes photographs, recorded phone calls, and videos of on-site visits to EH's various facilities . . . ."  Wolfpack Research also noted that "in just 14 months as a publicly traded company, EH's PR team has put out 50 press releases . . . .  However, EH's constant stream of press releases are easily proven untrue."  Finally, Wolfpack Research wrote that it "obtained Chinese court records which show that EH's ADRs may already be in serious jeopardy due to legal issues in China."

On this news, the price of EHang's ADS fell from its February 12, 2021 close of $124.09 to a February 16, 2021 close of $46.30 per share, a one day drop of $77.79 per share or approximately 62.7%, thereby injuring EHang investors such as Movant.

### III.    ARGUMENT

**A.    The Related Actions Should Be Consolidated**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered."  15

U.S.C. § 78u-4(a)(3)(B)(ii); *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 475 (S.D.N.Y. 2011).

Here, consolidation is appropriate because the actions "involve 'substantially identical questions of law and fact.'" *Jakobsen v. Aphria, Inc.*, 2019 WL 1522598, at *1 (S.D.N.Y. Mar. 27, 2019) (Daniels, J.) (quoting *Reitan v. China Mobile Games & Ent. Grp., Ltd.*, 68 F. Supp. 3d 390, 394 (S.D.N.Y. 2014)). Both actions allege that EHang, as well as some of its senior executives, made false statements and misrepresentations about its business, operations, and prospects between December 9, 2010 and February 16, 2021.

**B.      Movant Should Be Appointed Lead Plaintiff**

Mr. Pineda should be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant with the "largest financial interest" in the relief sought by the Class and that satisfies the relevant requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As set forth below, Mr. Pineda believes he is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

**1.      Movant's Motion Is Timely**

Under the PSLRA, any class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). The notice published in this action on February 18, 2021 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff by the lead plaintiff deadline. *See* Published Notice, Gilmore Decl., Ex. D. Because Movant filed the motion within sixty days of publication of the notice of action, the motion is timely.

4

### 2. Movant Has The Largest Financial Interest In The Relief Sought By The Class

To determine which movant has the largest financial interest, the Court is to consider: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Lundy v. Ideanomics*, Inc., 2020 WL 7389027, at *1 (S.D.N.Y. Dec. 16, 2020) (quoting *Varghese v. China Shenghuo Pharm. Holdings*, *Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008)).

During the Class Period, Mr. Pineda expended $171,950 purchasing 1,600 EH shares on NASDAQ during the Class Period at the artificially inflated prices and suffered total losses of $89,070. *See* Gilmore Decl., Exs. A and B. To the best of Movant's counsel's knowledge, there is no other movant with a larger financial interest. Therefore, Movant satisfies the PSLRA's prerequisite of having the largest financial interest in the relief sought by the Class.

### 3. Movant Satisfies The Requirements Of Rule 23

In addition to possessing a significant financial interest, Movant "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). "As for satisfying the requirements of Fed. R. Civ. P. 23, at this stage of the litigation, the moving plaintiff is only required to make a preliminary showing that the adequacy and typicality requirements have been met." *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005) ("At the lead plaintiff stage of the litigation, the party moving for lead plaintiff of the consolidated action need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.") (quotations omitted).

Movant's claims are typical because, like all members of the class, he alleges that he purchased EHang stock during the class period and suffered losses after it was discovered that

5

Defendants' misleading statements artificially inflated its stock price during that period. *Aphria, Inc.*, 2019 WL 1522598, at \*5.

Movant will also fairly and adequately represent the proposed class. As set forth in greater detail below, Movant has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action. There is no evidence of antagonism or conflict between Movant's interests and the interests of the Class. Finally, Movant has the sophistication and interest to ensure this case is vigorously prosecuted. Mr. Pineda is a truck driver for the U.S. Postal Service. Mr. Pineda has managed his own investments for over 20 years, and has been actively trading in the market since at least 2013. *See* Gilmore Decl.., Ex. C at ¶2. Moreover, Mr. Pineda has submitted a signed Certification and declaration confirming his commitment to protecting the interests of the Class. *See* Gilmore Decl., Ex. A, C. Finally, the significant losses he has incurred demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous prosecution of the litigation. *See* Gilmore Decl., Ex. A, B.

**C.     The Court Should Approve Movant's Selection of Counsel**

Under the PLSRA, "the most adequate plaintiff shall, subject to approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel." *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015).

Mr. Pineda has selected Hagens Berman to serve as Lead Counsel for the proposed Class. Hagens Berman has previously been appointed as lead counsel and has a demonstrated ability to work in an efficient fashion in the class's best interests. *See* Hagens Berman Firm Résumé, Gilmore Decl., Ex. E. Hagens Berman is one of the country's leading securities litigation firms, advising clients in both individual and class-action cases. *See* Ex. E at page 31. Hagens Berman is currently serving as Lead Counsel or Co-lead Counsel in several high-profile securities class

6

actions, *see* Ex. E at page 32, including several within this District.  Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.  *See Moshell v. Sasol Ltd., et al.*, No. 1:20-cv-01008 (S.D.N.Y.).

## IV.    CONCLUSION

For the foregoing reasons, Mr. Pineda respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Mr. Pineda as Lead Plaintiff pursuant to the PSLRA; (3) approve Mr. Pineda's selection of Hagens Berman to serve as Lead Counsel for the putative Class; and (4) grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED:  April 19, 2021                    HAGENS BERMAN SOBOL SHAPIRO LLP

By     */s/ Nathaniel A. Tarnor*
       NATHANIEL A. TARNOR

322 8th Avenue, Suite 802
New York, NY 10001
Telephone: (212) 752-5455
Facsimile:  (917) 210-3980
nathant@hbsslaw.com

Reed R. Kathrein
Lucas E. Gilmore
Danielle Smith
Wesley A. Wong
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com
wesleyw@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101

Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Counsel for [Proposed] Lead Plaintiff*
*Ramiro Pineda*

8

9

## CERTIFICATE OF SERVICE

I hereby certify that I am the ECF User whose ID and password are being used to electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses registered, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Nathaniel A. Tarnor*
NATHANIEL A. TARNOR

9