**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EYOBE AMBERBER, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>EHANG HOLDINGS LIMITED, HUAZHI HU, RICHARD JIAN LIU, and EDWARD HUAXIANG XU,<br><br>      Defendants. | Case No.: 1:21-cv-01392-GBD<br><br>Hon. George B. Daniels |
| VIVIAN CHAUMONT, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>EHANG HOLDINGS LIMITED, HUAZHI HU, RICHARD JIAN LIU, and EDWARD HUAXIANG XU,<br><br>      Defendants. | Case No.: 1:21-cv-01526-GBD<br><br>Hon. George B. Daniels |

**MEMORANDUM OF LAW IN SUPPORT OF HONG KONG HUA XIA INTERNATIONAL HOLDINGS LIMITED'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF <u>SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

I.   FACTUAL BACKGROUND.................................................................................................... 2

II.  PROCEDURAL HISTORY.................................................................................................... 3

III. ARGUMENT.......................................................................................................................... 4

    A.   Consolidation of the Actions Is Appropriate ................................................................... 4

    B.   Appointing Movant as Lead Plaintiff Is Appropriate ...................................................... 5

        1.   Movant Filed a Timely Motion. ............................................................................... 6

        2.   Movant Has the Largest Financial Interest in the Relief Sought............................... 7

        3.   Movant Satisfies the Relevant Requirements of Rule 23.......................................... 8

            a.   Movant's Claims Are Typical.......................................................................... 8

            b.   Movant Is An Adequate Representative. .......................................................... 9

    C.   Approving Lead Plaintiff's Choice of Counsel Is Appropriate. .................................... 10

IV.  CONCLUSION..................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
    324 F. Supp. 3d 335 (E.D.N.Y. 2018) ............................................................................... 6, 8

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
    269 F.R.D. 291 (S.D.N.Y. 2010) ...................................................................................... 9

*Ferrari v. Impath, Inc.,*
    2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) ........................................................ 5

*Ford v. VOXX Int'l Corp.,*
    No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015)............... 8

*In re Cendant Corp.,*
    264 F.3d 201 (3d Cir. 2001)............................................................................................. 10

*In re Gentiva Sec. Litig.,*
    281 F.R.D. 108 (E.D.N.Y. 2012)....................................................................................... 8

*In re Hebron Tech. Co. Sec. Litig.,*
    C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480 (S.D.N.Y. Sep. 16, 2020).......... 7

*Johnson v. Celotex Corp.,*
    899 F.2d 1281 (2d Cir. 1990)....................................................................................... 4, 5

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
    No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) ................................ 9

*Martingano v. Am. Int'l Grp., Inc.,*
    Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855 (E.D.N.Y. July 11, 2006) ............. 5

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.,*
    No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011)................... 9

*Weltz v. Lee,*
    199 F.R.D. 129 (S.D.N.Y. 2001) .................................................................................... 4

**Statutes**

15 U.S.C. § 78u-4 ....................................................................................................passim

**Rules**

FED. R. CIV. P. 23............................................................................................. 1, 6, 8, 9

Fed. R. Civ. P. 42(a) ...................................................................................................... 4, 5

ii

Hong Kong Hua Xia International Holdings Limited ("Movant") respectfully submits this memorandum of law in support of its motion ("Motion") to consolidate the above-captioned related actions (the "Actions"), appoint it as lead plaintiff, and approve its selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of all investors who purchased or otherwise acquired EHang Holdings Limited ("EHang" or the "Company") securities between December 12, 2019 and February 16, 2021 (and on February 16, 2021, only for those who purchased shares at or above the price of $112.00), inclusive (the "Class" who purchased during the "Class Period"), concerning claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a) and Rule 10b-5 promulgated thereunder by the United States Securities and Exchange Commission (the "SEC"), 17 C.F.R. § 240.10b-5, against Defendants EHang, Huazhi Hu ("Hu"), Richard Jian Liu ("Liu"), and Edward Huaxiang Xu ("Xu"), (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that it is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses it suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as its claims are typical of other Class members' claims and it will fairly and

adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute these Actions.

## I.     FACTUAL BACKGROUND[1]

EHang purports to be an autonomous aerial vehicle ("AAV") technology platform company headquartered in Guangzhou, People's Republic of China. ¶ 2-3. The Company has stated that it is "pioneering the future of transportation through our proprietarily developed AAVs and related commercial solutions. ¶ 2. We believe we are the first in the world to launch passenger-grade AAVs, setting a new milestone in AAV technology." *Id.* EHang's purported flagship, passenger-grade AAV is the "EH216." *Id.* Since December 12, 2019, the start of the Class Period, EHang ADS have traded on the NASDAQ stock exchange under the ticker "EH." ¶ 3.

In recent press releases and other public statements, Defendants have lauded EHang's AAV business and prospects, including announcing numerous "flight certifications" and "long-term" approvals for its "passenger-grade" EH-216 in the US, Canada, and various European countries. ¶ 4. As alleged herein, Defendants have repeatedly asserted that EHang is "the world's leading autonomous aerial vehicle (AAV) technology platform company." *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business. ¶ 7. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company's purported regulatory approvals in Europe and North American for its EH216 were for use as a drone, and not for carrying passengers;

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Amberber* Complaint") filed in the action styled *Amberber v. EHang Holdings Limited, et. al.,* Case No. 1:21-cv-01392-GBD (the "*Amberber* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Amberber* Complaint. The facts set forth in the *Amberber* Complaint are incorporated herein by reference.

(ii) its relationship with its purported primary customer is a sham; (iii) EHang has only collected on a fraction of its reported sales since its ADS began trading on NASDAQ in December 2019; (iv) the Company's manufacturing facilities were practically empty and lacked evidence of advanced manufacturing equipment or employees; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

During the trading day on February 16, 2021, analyst Wolfpack Research published a scathing report entitled "EHang: A Stock Promotion Destined to Crash and Burn." ¶ 5. In this report, and as further alleged herein, Wolfpack Research wrote that EHang is "an elaborate stock promotion, built on largely fabricated revenues based on sham sales contracts with a customer [Shanghai Kunxiang Intelligent Technology Co., Ltd. ("Kunxiang")] who appears to us to be more interested in helping inflate the value of its investment in EH . . . than about buying its products." *Id.* Wolfpack Research wrote that it had "gathered extensive evidence" to support its report, "including behind-the-scenes photographs, recorded phone calls, and videos of on-site visits to EH's various facilities . . . ." Wolfpack Research also noted that "in just 14 months as a publicly traded company, EH's PR team has put out 50 press releases . . . .  However, EH's constant stream of press releases are easily proven untrue." *Id.* Finally, Wolfpack Research wrote that it "obtained Chinese court records which show that EH's ADRs may already be in serious jeopardy due to legal issues in China." *Id.*

In response to this news, the price of EHang's ADS dropped from its February 12, 2021 close of $124.09 to a close of $46.30 per share on February 16, 2021, a one day drop of approximately 62.7% or $77.79 per share. ¶ 6.

## II.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Ambebrer* Action against the Defendants.

3

Plaintiff Eyobe Amberber ("Amberber") commenced the first-filed action on February 17, 2021. On the following day, counsel acting on Amberber's behalf published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Shannon L. Hopkins in Support of Movants' Motion ("Hopkins Decl.").

On February 19, 2021, a substantially similar action was filed against EHang in this Court, entitled *Chaumont v. EHang Holdings Limited,* Case No. 1:21-cv-01526-GBD (S.D.N.Y.) (the "*Chaumont* Action"). Movant has requested consolidation of the *Ambebrer* and *Chaumont* Actions.

In addition, a third action was filed against EHang in the United States District Court for the Central District of California on February 26, 2021, entitled *Klein v. EHang Holdings Limited,* Case No. 2:21-cv-01811-JFW (C.D. Cal.).

III.    ARGUMENT

A.    Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. §78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)).

4

Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855, at *3-5 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 U.S. Dist. LEXIS 13898, at *2 (S.D.N.Y. July 15, 2004)) ("In securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted)). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

### B.    Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B) The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most

capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of its knowledge, the largest financial interest in this litigation—having lost $114,665.68 as a result of its transactions and meet the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Hopkins Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against it that would render it inadequate to represent the Class. Accordingly, Movant respectfully submits that it should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.    Movant Filed a Timely Motion.

On February 18, 2021, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for *Amberber* published the Press Release on *Globe Newswire*—a widely circulated national business-oriented

wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of EHang securities that they had 60 days from the publication of the February 18, 2021 notice to file a motion to be appointed as lead plaintiff. *See* Press Release, Ex. C to Hopkins Decl.; *In re Hebron Tech. Co. Sec. Litig.,* C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480, at *6 (S.D.N.Y. Sep. 16, 2020) (finding that a notice published on *Globe Newswire* satisfied Rule 23).

Movant timely filed its motion within the 60-day period following publication of the February 18, 2021 Press Release and submitted herewith a sworn certification attaching its transactions in EHang securities and attesting that it is willing to serve as representatives of the Class. *See* Hopkins Decl., Ex. A. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2.    Movant Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  At the time of this filing, Movant believes that it has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired EHang securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $114,665.68. *See* Hopkins, Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes

that it has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3.   Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *Id.* at *6.

### a.   Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg.*

8

*Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning EHang's business, operations and compliance policies violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired EHang securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b.     Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated its adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Actions, and Movant's financial losses ensure that it has sufficient incentive to ensure the vigorous advocacy of the Actions. *See* Hopkins Decl., Ex. B. Movant is not aware of any conflict that exists between its claims and those asserted on behalf of the Class.

9

Moreover, Movant is a real estate investment and development company located in Hong Kong and has been in business for over seven years. Accordingly, Movants meet the adequacy requirement of Rule 23.

### C.      Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on its behalf and has retained the firm as the Class' Lead Counsel in the event it is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Hopkins Decl. as Ex. D. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at *8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *Deinnocentis v. Dropbox, Inc.,* 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); and *Nickerson v. American Electric Power Company, Inc., et al.,* No. 2:20-cv-04243-SDM-EPD, Dkt. No. 16 (S.D. Ohio Nov. 24, 2020). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant its Motion and

enter an Order: (1) consolidating the Actions, (2) appointing Movant as Lead Plaintiff, (3) approving its selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.

Dated: April 19, 2021

Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: /s/ *Shannon L. Hopkins*
Shannon L. Hopkins (SH-1887)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: shopkins@zlk.com

*Counsel for Hong Kong Hua Xia*
*International Holdings Limited and*
*[Proposed] Lead Counsel for the Class*