**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EYOBE AMBERBER, individually and on behalf of all others similarly situated, | Case No. 1:21-cv-01392-GBD |
| | |
| Plaintiff, | CLASS ACTION |
| | |
| v. | |
| | |
| EHANG HOLDINGS LIMITED, HUAZHI HU, RICHARD JIAN LIU, and EDWARD HUAXIANG LU, | |
| | |
| Defendants. | |
| | |
| VIVIAN CHAUMONT, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:21-cv-01526-GBD |
| | |
| Plaintiff, | CLASS ACTION |
| | |
| v. | |
| | |
| EHANG HOLDINGS LIMITED, HUAZHI HU, RICHARD JIAN LIU, and EDWARD HUAXIANG LU, | |
| | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF SERGIU RATA'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

**INTRODUCTION**

Before this Court are two related securities class actions brought on behalf of purchasers of EHang Holdings Limited ("EHang" or the "Company") securities between December 12, 2019 and February 16, 2021, inclusive (the "Class Period"), which allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Sergiu Rata hereby moves this Court for an order: (i) consolidating the two above-captioned securities fraud class actions against EHang filed in this district under the lowest-numbered *Amberber* docket; (ii) appointing Mr. Rata as Lead Plaintiff; and (iii) approving of his selection of Block & Leviton LLP to serve as Lead Counsel.

This motion is made on the grounds that Mr. Rata is the most adequate plaintiff as defined by the PSLRA because he believes he possesses the largest financial interest in the relief sought by the class, having lost approximately $376,126.12 on his purchases of EHang securities. Mr. Rata's claims are also typical of the claims of the putative class, and he will fairly and adequately represent the interests of the class. Mr. Rata is, therefore, the presumptive Lead Plaintiff.

Accordingly, the Court should consolidate the two related lawsuits, appoint Mr. Rata as Lead Plaintiff, and approve of his selection of Block & Leviton as Lead Counsel.

**FACTUAL BACKGROUND[1]**

EHang purports to be an autonomous aerial vehicle ("AAV") technology platform company. ¶ 2. The Company has stated that it is "pioneering the future of transportation through

---

[1] The facts are taken from the Class Action Complaint for Violation of the Federal Securities Laws that was filed in the *Amberber* action, No. 1:21-cv-01392-GBD (ECF No. 1). References to "¶" refer to paragraphs of that Complaint.

our proprietarily developed AAVs and related commercial solutions. We believe we are the first in the world to launch passenger-grade AAVs, setting a new milestone in AAV technology." *Id.* EHang's purported flagship, passenger-grade AAV is the "EH216." *Id.*

The Company's American Depositary Shares have traded on the NASDAQ stock exchange under the ticker symbol "EH" since December 12, 2019, the start of the Class Period. ¶ 3. During the Class Period, Defendants have lauded EHang's AAV business and prospects, including announcing numerous "flight certifications" and "long-term" approvals for its "passenger-grade" EH-216 in the US, Canada, and various European countries. ¶ 4. This includes Defendants' oft-repeated assertion that EHang is "the world's leading autonomous aerial vehicle (AAV) technology platform company." *Id.*

During the trading day on February 16, 2021, analyst Wolfpack Research published a scathing report entitled: "EHang: A Stock Promotion Destined to Crash and Burn." ¶ 5. Wolfpack wrote that EHang is "an elaborate stock promotion, built on largely fabricated revenues based on sham sales contracts with a customer [Shanghai Kunxiang Intelligent Technology Co., Ltd. ("Kunxiang")] who appears to us to be more interested in helping inflate the value of its investment in EH . . . than about buying its products." *Id.* Wolfpack Research continued that it had "gathered extensive evidence" to support its report, "including behind-the-scenes photographs, recorded phone calls, and videos of on-site visits to EH's various facilities . . . ." Wolfpack Research also noted that "in just 14 months as a publicly traded company, EH's PR team has put out 50 press releases . . . . However, EH's constant stream of press releases are easily proven untrue." *Id.* Finally, Wolfpack Research wrote that it "obtained Chinese court records which show that EH's ADRs may already be in serious jeopardy due to legal issues in China." *Id.*

On this news, the price of EHang's ADS fell from their February 12, 2021 close of $124.09 to a February 16, 2021 close of $46.30 per share, a one day drop of $77.79 or approximately 62.7%. ¶ 6.[2]

These lawsuits allege that Defendants[3] made false and/or misleading statements and/or failed to disclose that: (i) EHang's purported regulatory approvals in Europe and North America for its EH216 were for use as a drone, and not for carrying passengers; (ii) its relationship with Kunxiang, its purported primary customer, is a sham; (iii) EHang has only collected on a fraction of its reported sales since its ADS began trading on NASDAQ in December 2019; (iv) the Company's manufacturing facilities were practically empty and lacked evidence of advanced manufacturing equipment or employees; and (v) as a result, EHang's public statements were materially false and misleading at all relevant times. ¶¶ 1, 7.

## ARGUMENT

### I.    The Court Should Consolidate These Actions

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

There are currently two related securities class actions against EHang pending in this District: *Amberber v. EHang Holdings Limited, et al.*, No. 1:21-cv-01392-GBD, and *Chaumont v. EHang Holdings Limited, et al.*, No. 1:21-cv-01526-GBD. Consolidation is appropriate where, as

---

[2] The markets were closed between February 13 and February 15, 2021, for the weekend and the President's Day holiday. ¶ 6, n.1.

[3] Defendants in these actions are EHang, Huazhi Hu (EHang's founder, CEO, and Chairman of the Board of Directors), Richard Jian Liu (EHang's CFO), and Edward Huaxing Xu (EHang's Chief Strategic Officer). ¶¶ 14-17.

here, the actions are pending in the same court and involve common questions of fact or law. *See Fed. R. Civ. P.* 42(a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Moreover, cases should be consolidated where there is "more than one action on behalf of a class asserting substantially the same claim or claims." 15 U.S.C. § 78u-(b)(ii).

These actions assert the same claims based on the same or similar legal and factual allegations and allege a nearly identical Class Period.[4] Additionally, the interests of judicial economy weigh heavily in favor of consolidation given the substantial overlap of common questions of law and fact. *See Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). The Court should therefore consolidate the above-captioned actions and any other subsequently filed or transferred shareholder actions that relate to the claims in this matter.[5]

## II.      The Court Should Appoint Mr. Rata as Lead Plaintiff.

### A.      The Procedure Required by the PSLRA

The PSLRA established a procedure governing the appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) & (a)(3)(B)(i).

---

[4] Both the *Amberber* and *Chaumont* lawsuits allege a Class Period beginning on December 12, 2019. The first-filed *Amberber* lawsuit ends the class period on February 16, 2021, but includes only purchases made at $112.00 or more. ¶ 1. The second-filed *Chaumont* lawsuit includes all purchases made on February 16, 2021. For purposes of determining which movant has the largest financial interests at this lead plaintiff selection stage, courts generally use the longest class on file. *See, e.g., Hom v. Vale, S.A.*, No. 15-cv-9539, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016) (noting that the general practice in conducting lead plaintiff motion practice is to use the "longer, most inclusive" class period available on the theory that it "encompasses more potential class members and damages").

[5] A third, related action was filed after the *Amberber* and *Chaumont* actions in the U.S. District Court for the Central District of California. *See Klein v. EHang Holdings Limited, et al.* No. 2:21-cv-01811-JFW-PVC (C.D. Cal.). The *Klein* matter alleges the same claims against the same defendants, and uses the same class period. *See id.* at ECF No. 1. If appointed as Lead Plaintiff, Mr. Rata will move the Court in the *Klein* matter to transfer that action to this Court for consolidation.

*First*, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice (*i.e.*, today, April 19, 2021), any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) & (B).

*Second*, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the members of the class the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that (aa) has either filed the complaint or made a motion in response to a notice . . . (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

**B.    Mr. Rata Has Timely Moved for Lead Plaintiff Appointment**

Pursuant to the provisions of the PSLRA and within the required time frame after publication of the notice, Mr. Rata timely moves this Court to be appointed as Lead Plaintiff on behalf of all members of the class. Mr. Rata has signed a certification pursuant to the PSLRA. *See* Block Decl.,[6] Ex. C. He has selected and retained qualified counsel to represent him and the proposed class. *See* Block Decl. Ex. F.

---

[6] References to the "Block Decl." are to the Declaration of Jeffrey C. Block, filed contemporaneously herewith.

**C.      Mr. Rata Has the Largest Financial Interest in the Relief Sought by the Class**

During the Class Period, as evidenced by, among other things, Mr. Rata's accompanying signed certification and loss chart, Mr. Rata incurred a substantial loss of approximately $376,126.12 on his class period transactions in EHang securities. *See* Block Decl., Exs. C, D. At the time of this filing, Mr. Rata believes that he possesses the largest financial interest of any movant seeking lead plaintiff status.

**D.      Mr. Rata Otherwise Satisfies Rule 23**

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u4(a)(3)(B)(iii)(I)(cc). "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted). "'Typicality "requires that the claims of the class representatives be typical of those of the class and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id*. at 173-74 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(3). "'The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class....'" *Sgalambo*, 268 F.R.D. at 174 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(4).

Here, Mr. Rata's claims are typical because, like all members of the class, he purchased or otherwise acquired EHang securities during the Class Period at prices artificially inflated by Defendants' wrongful conduct and suffered damages as a result thereof. Mr. Rata's claims

therefore arise from the same course of events as all class members and will require similar (if not identical) legal arguments to prove Defendants' liability.

Mr. Rata is also an adequate representative for the proposed class. His substantial financial interest in the outcome of the action demonstrates that his interests are aligned with those of the class. Mr. Rata has submitted a sworn declaration detailing his education, employment, and investment experience, and attesting to his understanding and willingness to fulfill the obligations of a lead plaintiff. Block Decl., Ex. E. Furthermore, Mr. Rata has selected highly experienced counsel committed to zealously and efficiently prosecuting these actions to a successful conclusion. *See* Block Decl. Ex. F. Thus, Mr. Rata satisfies the adequacy requirements of Rule 23(a)(4).

Because Mr. Rata is the presumptive "most adequate plaintiff" under the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), and no competing movant can rebut that presumption, the Court should appoint him Lead Plaintiff.

## III.    The Court Should Approve of Mr. Rata's Selection of Counsel

Under the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v). Mr. Rata has selected Block & Leviton, a firm with substantial experience in the prosecution of shareholder and securities class actions to serve as lead counsel. Block Decl., Ex. F. As recently noted by one district court:

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation (N.D. Cal.). I find the experience garnered from such representations will benefit the shareholder in this suit.*

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018) (ECF No. 21).

Accordingly, the Court should approve of Mr. Rata's selection of Block & Leviton as Lead Counsel.

**CONCLUSION**

For the foregoing reasons, Mr. Rata respectfully requests that the Court: (i) consolidate the other securities fraud class action against EHang filed in this district under the lowest-numbered *Amberber* docket; (ii) appoint Mr. Rata as Lead Plaintiff; (iii) approve of Mr. Rata's selection of Block & Leviton LLP as Lead Counsel; and (iv) grant such other relief as the Court may deem just and proper.

Dated: April 19, 2021

Respectfully submitted,

*/s/ Jeffrey C. Block*
Jeffrey C. Block
Stephen J. Teti
**BLOCK & LEVITON LLP**
260 Franklin St., Suite 1860
Boston, MA 02110
(617) 398-5600 phone
(617) 507-6020 fax
jeff@blockleviton.com
steti@blockleviton.com

*Attorneys for Mr. Rata and
Proposed Lead Counsel*

9

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*/s/ Jeffrey C. Block*

Jeffrey C. Block
