# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EYOBE AMBERBER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EHANG HOLDINGS LIMITED, HUAZHI HU, RICHARD JIAN LIU, and EDWARD HUAXIANG XU,<br><br>Defendants. | Case No. 1:21-cv-01392-GBD |
| VIVIAN CHAUMONT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EHANG HOLDINGS LIMITED, HUAZHI HU, RICHARD JIAN LIU, and EDWARD HUAXIANG XU,<br><br>Defendants. | Case No. 1:21-cv-01526-GBD |

**MEMORANDUM OF LAW IN SUPPORT OF HEIDI CHEN'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, <u>AND APPROVAL OF LEAD COUNSEL</u>**

Heidi Chen ("Chen"), individually and on behalf of the Yuan Chen Family Foundation (the "Foundation"), Yahsing Yuan, Albert Yuan, and Andrew Yuan (together, the "Yuan Family"), respectfully submits this memorandum of law in support of her motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*. (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing Chen as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Chen's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.       PRELIMINARY STATEMENT

This is a class action on behalf of persons who purchased or otherwise acquired EHang Holdings Limited ("EHang" or the "Company") securities between December 12, 2019 and February 16, 2021, inclusive (the "Class Period").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff.

Chen believes that she is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on her financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Chen satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as her claims are typical of other class members' claims and she is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Chen respectfully

1

submits that she is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Chen's selection of Glancy Prongay & Murray LLP as lead counsel for the Class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND[1]

EHang purports to be an autonomous aerial vehicle ("AAV") technology platform company. Its purported flagship, passenger-grade AAV is called "EH216."

On February 16, 2021, during market hours, Wolfpack Research published a report entitled "EHang: A Stock Promotion Destined to Crash and Burn." The report alleged that EHang is "an elaborate stock promotion, built on largely fabricated revenues based on sham sales contracts with a customer [Shanghai Kunxiang Intelligent Technology Co., Ltd.] who appears to us to be more interested in helping inflate the value of its investment in EH . . . than about buying its products." The report also noted that "in just 14 months as a publicly traded company, EH's PR team has put out 50 press releases [but] EH's constant stream of press releases are easily proven untrue." Finally, Wolfpack Research noted that it had "obtained Chinese court records which show that EH's ADRs [American Depositary Receipts] may already be in serious jeopardy due to legal issues in China."

On this news, the Company's American Depositary Share ("ADS") price fell $77.79, or approximately 62.7%, to close at $46.30 per share on February 16, 2021, on unusually heavy trading volume.

---

[1] This section is adapted from the complaints in the above-captioned actions.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts concerning the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the Company's purported regulatory approvals in Europe and North America for EH216 were for use as a drone, not for carrying passengers; (2) that its relationship with its purported primary customer is a sham; (3) that EHang has only collected on a fraction of its reported sales since its ADS began trading on NASDAQ in December 2019; (4) that the Company's manufacturing facilities were practically empty and lacked evidence of advanced manufacturing equipment or employees; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

## III.   PROCEDURAL BACKGROUND

On February 17, 2021, plaintiff Eyobe Amberber commenced a securities class action lawsuit in this District against EHang and certain of its officers, captioned *Amberber v. EHang Holdings Limited, et al.*, Case No. 1:21-cv-01392 (the "*Amberber* Action"). It is brought on behalf of all investors who purchased or otherwise acquired EHang ADSs between December 12, 2019 and February 16, 2021 (and on February 16, 2021, only for those who purchased shares at or above the price of $112.00), inclusive.

On February 19, 2021, plaintiff Vivian Chaumont commenced a substantially similar action in this District against EHang, captioned *Chaumont v. EHang Holdings Limited, et al.*, Case No. 1:21-cv-01526 (the "*Chaumont* Action," and together with the *Amberber* Action, the "Related Actions"). It is brought on behalf of all persons and entities that purchased or otherwise acquired EHang ADSs between December 12, 2019 and February 16, 2021, inclusive.

On February 26, 2021, plaintiff Ran Klein commenced a substantially similar action in the U.S. District Court for the Central District of California, captioned *Klein v. EHang Holdings*

*Limited, et al.*, Case No. 2:21-cv-01811 (the "*Klein* Action"). It is brought on behalf of all investors who purchased or otherwise acquired EHang securities between December 12, 2019 and February 16, 2021, inclusive.

## IV. ARGUMENT

### A. The Related Actions Should be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Ben Plan v. Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (Consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").

### B. Chen Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a

"rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Chen satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Chen has, to the best of her knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Chen is not aware of any unique defenses Defendants could raise against her that would render her inadequate to represent the Class. Accordingly, Chen respectfully submits that she should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. Chen Filed a Timely Motion

Chen has made a timely motion in response to a PSLRA early notice. On February 18, 2021, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh ("Linkh Decl.") Ex. A. Therefore, Chen had sixty

days (*i.e.*, until April 19, 2021) to file a motion to be appointed as lead plaintiff. As a purchaser of EHang securities during the Class Period, Chen is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in her PSLRA certification, Chen attests that she, on behalf of herself, the Foundation, and the Yuan Family, has reviewed the complaint and adopts the allegations therein, and that she is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, Chen satisfies the first requirement to serve as lead plaintiff for the class.

### 2.     Chen Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Chen believes that she has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

Chen purchased EHang securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Linkh Decl., Ex. C. To the best of her knowledge, Chen is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Chen believes she has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class. *See* *Varghese*, 589 F. Supp. 2d at 396.

**3. Chen Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc.* 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id.* at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08–cv–7281 (JFK), 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

**a) Chen's Claims Are Typical**

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Chen's claims are typical of the claims asserted by the proposed members of the Class. Like all members of the Class, Chen alleges that Defendants' material misstatements and omissions concerning EHang's business, operations, and financial prospects violated the federal securities laws. Chen, like all members of the Class, purchased EHang securities in reliance on Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Chen's interests and claims are "typical" of the interests and claims of the Class.

### b) Chen Is An Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Chen has demonstrated her adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and her financial losses ensure that she has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Chen resides in Santa Clara County, California and has been managing her own portfolio for more than 20 years. Linkh Decl., Ex. B. Chen has been managing the Foundation's portfolio since its inception, and she has been managing the portfolios of the Yuan Family for approximately 5 years. *Id.* Yahsing Yuan, Albert Yuan, and Andrew Yuan are members of Chen's family. She is an Engineer Manager and has an M.B.A. and an M.S. in Computer Engineering. *Id.* Chen is not aware of any conflict between her claims and those asserted on behalf of the Class. As such, Chen is well-equipped to represent the class.

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274.

Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Chen has retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on her behalf and will retain the firm as the Class's lead counsel in the event she is appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit D. Thus, the Court may be assured that, by granting the Motion, the Class will receive the highest caliber of legal representation.

## V.  CONCLUSION

For the foregoing reasons, Heidi Chen respectfully requests that the Court grant her Motion and enter an Order (1) consolidating the Related Actions; (2) appointing Chen as Lead Plaintiff; (3) approving her selection of Glancy Prongay & Murray LLP as Lead Counsel for the Class; and (4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: April 19, 2021

**GLANCY PRONGAY & MURRAY LLP**

By:  */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Heidi Chen and Proposed Lead
Counsel for the Class*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On April 19, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 19, 2021, at New York, New York.

/s/ Gregory B. Linkh
Gregory B. Linkh