# EXHIBIT A

Benjamin Heikali SBN 307466
Email: bheikali@faruqilaw.com
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885

James M. Wilson, Jr. (*pro hac vice* forthcoming)
Robert W. Killorin (*pro hac vice* forthcoming)
Email: jwilson@faruqilaw.com
Email: rkillorin@faruqilaw.com
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331

*Attorneys for [Proposed] Lead Plaintiff Timo Rautanen*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAN KLEIN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> EHANG HOLDINGS LIMITED, HUAZHI HU, RICHARD JIAN LIU, and EDWARD HUAXING XU, <br><br> Defendants. | No. CV 21-1811-JFW (PVCx) <br><br> **TIMO RAUTANEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** <br><br> **CLASS ACTION** <br><br> Judge: Hon. John F. Walter <br> Hearing Date: May 17, 2021 <br> Time: 1:30 p.m. <br> Courtroom: 7A |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................1

ARGUMENT ...........................................................................................................3

I. RAUTANEN SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS .............................................................................................................3

    A. The PSLRA's Lead Plaintiff Provisions .................................................3

    B. Losses Attributable To Purchases On February 16, 2021 Are Disqualified Because News Of The Fraud Was Disclosed On February 15, 2021 ...............................................................................................6

    C. Post Disclosure Purchases Also Subject The Movant To A Unique Defense .................................................................................................9

    D. The Remaining Competing Motions Should Be Denied Because They Have A Smaller Financial Interest Than Rautanen ...................12

II. RAUTANEN SHOULD BE APPOINTED LEAD PLAINTIFF AND HIS SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED ...................................................................................................13

CONCLUSION .....................................................................................................14

i

# TABLE OF AUTHORITIES

**Cases**                          **Page(s)**

*In re Allergan PLC Sec. Litig.*,
No. 18 Civ. 12089 (CM),
2020 WL 5796763 (S.D.N.Y. Sept. 29, 2020) ......................................................12

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ...............................................................................2, 4

*In re Countrywide Fin. Corp. Sec. Litig.*,
273 F.R.D. 586 (C.D. Cal. 2009).............................................................................10

*Galmi v. Teva Pharm. Indus. Ltd.*,
302 F. Supp. 3d 485 (D. Conn. 2017)....................................................................5, 9

*George v. China Auto. Sys., Inc.*,
No. 11 Civ. 7533(KBF),
2013 WL 3357170 (S.D.N.Y. July 3, 2013)...............................................................9

*Gordon v. Sonar Capital Mgmt. LLC*,
92 F. Supp. 3d 193 (S.D.N.Y. 2015) .......................................................................10

*Halman Aldubi Provident and Pension Funds Ltd. v. Teva Pharm.*
*Indus. Ltd.*,
No. 2:20-cv-04660-KSM,
2021 WL 1217395 (E.D. Pa. Mar. 26, 2021) ..........................................................12

*Knox v. Yingli Green Energy Holding Co.*,
136 F. Supp. 3d 1159 (C.D. Cal. 2015) ....................................................................4

*Pace v. Quintanilla*,
No. SACV 14-2067-DOC,
2014 WL 4180766 (C.D. Cal. Aug. 19, 2014) ..........................................................4

*Perlmutter v. Intuitive Surgical, Inc.*,
No. 10-CV-03451-LHK,
2011 WL 566814 (N.D. Cal. Feb. 15, 2011) .............................................................4

*Richardson v. TVIA, Inc.*,
No. C 06 06304 RMW,
2007 WL 1129344 (N.D. Cal. Apr. 16, 2007)...........................................................4

*Smyth v. China Agritech, Inc.*,
  No. CV 13-03008-RGK,
  2013 WL 12136605 (C.D. Cal. Sept. 26, 2013) .................................................10

*In re Snap Inc., Sec. Litig.*,
  No. 2:17-cv-03679-SVW-AGR,
  2019 WL 2223800 (C.D. Cal. Apr. 1, 2019) .........................................2, 5, 9, 12

*Tsirekidze v. Syntax-Brillian Corp.*,
  No. CV-07-2204-PHX-FJM,
  2008 WL 942273 (D. Ariz. Apr. 7, 2008) .........................................................5

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ...............................................................................2, 4, 14

**TIMO RAUTANEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**
**NO. 21-1811-JFW (PVCx)**

Timo Rautanen ("Rautanen") respectfully submits this Memorandum of Point and Authorities pursuant to § 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), in opposition to the competing lead plaintiff motions and in further support of his motion (Docket No. 24) to: (1) appoint Rautanen as Lead Plaintiff; and (2) approve Rautanen's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel.

## PRELIMINARY STATEMENT

Presently pending before this Court are nine motions by class members who seek appointment as Lead Plaintiff in the above-captioned action (the "Action"), which asserts claims for violations of the Exchange Act against EHang Holdings Limited ("EHang") and certain of its officers and directors.[1] Out of these nine motions, Rautanen should be appointed lead plaintiff because he is the only movant that fully satisfies the requirements of the PSLRA: he timely filed a motion

---

[1] The complete list of movants is as follows: 1) Tarun Gupta (Docket No. 13); 2) James Oviatt (Docket Nos. 14-16); 3) Ramiro Pineda (Docket Nos. 18, 20-21); 4) Danijel Anciger (Docket No. 19); 5) Rautanen (Docket Nos. 24, 28, 30); 6) Gad Shitrit (Docket Nos. 25-27); 7) Sung Hong (Docket Nos. 31-33); 8) Hong Kong Hua Xia International Holdings Limited (Docket Nos. 36-38); and 9) Esther Yang (Docket Nos. 40-42). A purported shareholder, Sergui Rata ("Rata"), filed a "Notice" with this Court on April 19, 2021 that he "has filed (or will be filing [on April 19, 2021]) a Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Counsel" in the first-filed case against EHang pending in the United States District Court for the Southern District of New York, *Amberber v. EHang Holdings Limited, et al.*, No. 1:21-cv-01392-GBD (S.D.N.Y.), and referred this Court to that filing in the Southern District of New York. *See* Docket No. 44. Rata did not otherwise submit a timely motion in this Court to consider his qualifications to be appointed lead plaintiff for the Class. Rautanen nevertheless addresses Rata's motion herein.

1

**TIMO RAUTANEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL NO. 21-1811-JFW (PVCx)**

to be appointed lead plaintiff; he has the largest financial interest in the litigation; and satisfies the typicality and adequacy requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The first task for a court considering multiple motions to be appointed lead plaintiff under the PSLRA is to rank the movants in order of financial interest. Beginning with the potential lead plaintiff who has the largest financial interest, the court makes a determination on typicality and adequacy, relying on that party's complaint or sworn certification. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). A movant who demonstrates the largest losses in reliance on the alleged fraud has shown the "largest financial interest in the outcome of the litigation. *See e.g., In re Snap Inc., Sec. Litig.*, No. 2:17-cv-03679-SVW-AGR, 2019 WL 2223800, at *2 (C.D. Cal. Apr. 1, 2019).

Only one movant in this Court, Sung Hong ("Hong"), claimed to have slightly larger losses than Rautanen's $247,555.55 in losses. [2] Hong's PSLRA losses however are far less than reported because Hong purchased a significant amount of EHang ADRs after information of EHang's alleged fraud began leaking into the market. Losses attributable to the purchase of ADRs after a corrective disclosure is released into the market are disqualified from the PSLRA loss calculation because that investment was not made in reliance on the alleged fraud. If all of Hong's ADRs purchased after the corrective disclosure are removed, Hong

---

[2] On April 26, 2021 shortly before today's deadline to file oppositions, Hong filed a Notice of Non-Opposition to Competing Motions for Appointment as Lead Plaintiff and Approval of Counsel. Docket 50. The Notice of Non-Opposition does not withdraw Hong's Motion. Further, since the same and/or similar arguments raised herein by Rautanen apply to Hong and to Rata (who did not actually file in this Court but notified the Court of its motion in New York federal court), Rautanen is submitting his arguments regarding Hong herein.

2

**TIMO RAUTANEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL NO. 21-1811-JFW (PVCx)**

has a gain of $101,353.53. If only the ADR purchases made on February 16, 2021 after 1:30 pm are removed, Hong's losses amount to only $19,616.47 – far below Rautanen's loss of $247,555.55. Even if Hong's purchases of EHang stock after information of the alleged fraud was disclosed to the market were included, those purchases are a disqualifying factor under Rule 23's typicality requirement because those purchases subject Hong to a unique defense not faced by Rautanen.[3]

The remaining competing movants have suffered financial losses substantially less than Rautanen loss of $247,555.55 during the Class Period, making Rautanen the presumptive lead plaintiff.

Rautanen respectfully submits that he is the movant who meets all of the requirements of the PSLRA and Rule 23 and he should be appointed Lead Plaintiff and his counsel appointed Lead Counsel. For the reasons summarized above and those explained more fully below, Rautanen's motion should be granted in its entirety.

## ARGUMENT

## I.  RAUTANEN SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

### A.  The PSLRA's Lead Plaintiff Provisions

The PSLRA directs the Court to appoint as lead plaintiff the movant "that the court determines to be most capable of adequately representing the interests of

---

[3]    Although Rata failed to seek appointment as lead plaintiff in this Court, even were this Court to consider Rata's motion papers filed in the *Amberber* Action in the Southern District of New York, Rata similarly is disqualified because Rata's entire investment was made on February 16, 2021, after news of the alleged fraud was leaking into the market. *See* Decl. of Benjamin Heikali in Supp. of Timo Rautanen's Opp'n to Competing Mots. For Appointment as Lead Plaintiff and Approval of Lead Counsel (the "Heikali Decl."), Ex. 1.

**TIMO RAUTANEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL NO. 21-1811-JFW (PVCx)**

class members[.]" 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA further establishes a rebuttable presumption that the "most adequate plaintiff" is the movant who "has the largest financial interest *in the relief sought by the class*[,]" and who makes a *prima facie* showing that the movant satisfies Rule 23's criteria for class representatives. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)-(cc);[4] *Cavanaugh*, 306 F.3d at 730.

While the PSLRA does not prescribe the methodology for calculating each movant's financial interest, courts in this Circuit "have typically considered the 'Olsten-Lax' factors to determine who has the largest financial interest: (1) the number of ADRs purchased during the class period; (2) the number of net ADRs purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015); *see also Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *3 (N.D. Cal. Apr. 16, 2007).

Of these factors, "the fourth factor, the approximate losses suffered," is the "most determinative in identifying the plaintiff with the largest financial loss." *Knox*, 136 F. Supp. 3d at 1163; *see also Pace v. Quintanilla*, No. SACV 14-2067-DOC (RNBx), 2014 WL 4180766, at *2 (C.D. Cal. Aug. 19, 2014) ("The PSLRA does not specify how to calculate the largest financial interest, but the approximate losses suffered are the most determinative."); *see also Perlmutter v. Intuitive Surgical, Inc.*, No. 10-CV-03451-LHK, 2011 WL 566814, at *3 (N.D. Cal. Feb. 15, 2011) ("The only real guidance offered by the Ninth Circuit in *In re*

---

[4] Unless stated otherwise, the following conventions apply: (1) all citations, internal quotation marks and footnotes are omitted; and (2) all emphases are added.

**TIMO RAUTANEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL NO. 21-1811-JFW (PVCx)**

*Cavanaugh* is that 'the court may select accounting methods that are both rational and consistently applied' in order to 'compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit.' ") (quoting *Cavanaugh*, 306 F.3d at 730 & n.4).

A movant's PSLRA losses do not include losses attributable to transactions made after knowledge of the fraud is disclosed to the market. *See Galmi v. Teva Pharm. Indus. Ltd.*, 302 F. Supp. 3d 485, 504 (D. Conn. 2017) ("TIAA's recoverable losses are further reduced to approximately $20.3 million, which represents an elimination of $2.3 million in losses TIAA incurred as a result of ADR purchases *after* the full extent of the fraud was disclosed. TIAA cannot attribute such losses to Teva's fraudulent statements because the falsity of those statements had been disclosed, and the market had corrected for such disclosure, before TIAA made the additional purchases").

Further, a lead plaintiff movant may be considered atypical under Rule 23 if he or she buys stock in the defendant corporation after the disclosure of an alleged fraud. These transaction subject her to unique defense. *See e.g., Snap*, 2019 WL 2223800, at *2-3; *Tsirekidze v. Syntax-Brillian Corp.*, No. CV-07-2204-PHX-FJM, 2008 WL 942273, at *4 (D. Ariz. Apr. 7, 2008).

**TIMO RAUTANEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL NO. 21-1811-JFW (PVCx)**

**B.** **Losses Attributable To Purchases On February 16, 2021 Are Disqualified Because News Of The Fraud Was Disclosed On February 15, 2021[5]**

Losses from purchases that were made after the Wolfpack report[6] was released are disqualified. Wolfpack's report began leaking on February 15, 2021. On February 15, 2021 at 1:10:32 pm, Wolfpack Research created a webpage in Chinese titled WOLFPACK RESEARCH 在2021年2月16日出具了有关亿航的英文调查报告。现提供该英文调查报告的中文要点，供各位考鉴,[7] which translates to "WOLFPACK RESEARCH issued an English investigation report on EHang on February 16, 2021. The Chinese main points of the English survey report are now provided for your reference." The page contains a "download full report" button and a video. The video is a 9:17 minute long tour of EHang's Guangzhou, China facility by a Wolfpack investigator.[8] The video contains multiple subtitles explaining what the investigator is seeing, such as "[n]o [o]ne in [s]ight [n]o [a]ctivity [d]uring [a] [w]eekday [a]fternoon"[9] and "[t]he [l]evel of [s]ecurity is [a]mazing [] [i]s [t]his [h]ow [w]orld-[c]lass [p]roprietary IP is [p]rotected?"[10] The "download full report" button links to a pdf in Chinese titled 亿航：注定要崩毁的股票拉价之局 （报告要点之中文摘要），which

---

[5]     The arguments made herein regarding Hong's investments apply equally to all of the transactions made by movant Rata. All of Rata's EHang ADRs were purchased on Tuesday, February 16, 2021 and therefore none of Rata's purchases should be considered because they took place after the fraud had been exposed to the market and Rata would be subject to the same unique defense as Hong. *See* Heikali Decl., Ex. 1.

[6]     Attached as Exhibit 2 to Heikali Decl.

[7]     *See* https://wolfpackresearch.com/research/ehang-trans/

[8]     *See* https://wolfpackresearch.com/research/ehang-trans/ at 0:13.

[9]     *See* https://wolfpackresearch.com/research/ehang-trans/ at 0:22.

[10]     *See* https://wolfpackresearch.com/research/ehang-trans/ at 1:10.

**TIMO RAUTANEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL NO. 21-1811-JFW (PVCx)**

translates to "EHang: A stock price increase that is doomed to collapse (Chinese summary of the main points of the report)". The content of the Chinese document, when translated to English, is identical to the English summary that appears prior to the English short report posted on February 16, 2021.[11]

The market began digesting the information and was reflected in the EHang stock price when the markets opened the morning of February 16, 2021, when EHang ADR's opened lower than its previous close and steadily continued losing value until the sharp drop after the report was released in English.



---

[11] The Chinese version has three extra bullet points in the summary which are not included in the English summary. However, the extra bullet points from the Chinese version appear in great detail in Wolfpack's full English report.

**TIMO RAUTANEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL NO. 21-1811-JFW (PVCx)**

On his certification, Hong lists one purchase made on February 16, 2021 at a purchase price of $122.50.

| Type of Transaction | Date | Quantity | Price Per ADR |
|---|---|---|---|
| 2/15/2021 @ ~1:10PM: EHang Chinese Report Released | | | |
| Purchase | 2/16/2021 | 2,000 | $122.50 |

As seen from the above chart, that price was achieved at approximately 9:40-9:50am on February 16, 2021.

Additionally, Hong made five purchases made at prices ranging from $90.54 to $49.88 per ADR, which took place after the full English version of the Wolfpack Research Report was released at approximately 1:10pm on February 16, 2021.[12] After the release of the Report, EHang ADRs sharply dropped from their trading price of approximately $113 per ADR at 1:30pm to close at $46.3 per ADR.

| Type of Transaction | Date | Quantity | Price Per ADR |
|---|---|---|---|
| 2/16/2021 @ ~1:10 PM: EHang English Report Released | | | |
| Purchase | 2/16/2021 | 5,000 | $90.54 |
| Purchase | 2/16/2021 | 3,000 | $90.53 |
| Purchase | 2/16/2021 | 3,000 | $78.70 |

---

[12] Rautanen asserts that the report was released on February 16, 2021 at 1:10:32pm, the last time that the webpage containing the Report (https://wolfpackresearch.com/research/ehang/) was modified on Wolfpack Research's website. *See* https://wolfpackresearch.com/sitemap.xml.

8

**TIMO RAUTANEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL NO. 21-1811-JFW (PVCx)**

| | | | |
|---|---|---|---|
| Purchase | 2/16/2021 | 3,000 | $57.80 |
| Purchase | 2/16/2021 | 2,000 | $49.88 |

As seen from the above chart, those prices were only achieved after 3:00pm on February 16, 2021.

Accordingly, all six of Hong's purchases made on February 16, 2021 were improperly included in his certification. *Galmi*, 302 F. Supp. 3d at 504. After removing all six of the purchases, Hong has actually made a $101,353.54 gain on his purchases. However, even allowing Hong to include the purchase made after the Chinese report was released but before the English report was released, Hong's losses are only $19,616.47. Either number is far below Rautanen's $247,555.55 in losses.[13]

**C. Post Disclosure Purchases Also Subject The Movant To A Unique Defense**

Post-disclosure purchases may subject a putative lead plaintiff to unique defenses that would require the named plaintiff to expend considerable time defending. *Snap*, 2019 WL 2223800, at *2 ("The Court noted that Defendants might argue that the magnitude of [movant's] post-disclosure purchases could undermine his ability to assert the fraud-on-the-market presumption of reliance. Without the presumption of reliance, proof of individualized reliance from each member of the putative class would be required-which would effectively preclude class certification."); *George v. China Auto. Sys., Inc.*, No. 11 Civ. 7533(KBF), 2013 WL 3357170, at *6 (S.D.N.Y. July 3, 2013) ("A named plaintiff who has engaged in a post-disclosure purchase is subject to the defense that the alleged

---

[13] All of Rata's purchases were made on February 16, 2021. Heikali Decl., Ex. 1.

**TIMO RAUTANEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL NO. 21-1811-JFW (PVCx)**

misstatements or omissions were really not a factor in the purchasing decision but rather that other investment considerations drove the decision. Defendants may assert that the disclosure of the fraud was irrelevant to the named plaintiffs as demonstrated by their pattern of continued purchasing."). The presence of a unique defense may defeat class certification when it threatens to become the focus of the litigation. *In re Countrywide Fin. Corp. Sec. Litig.*, 273 F.R.D. 586, 598 (C.D. Cal. 2009) ("However, typicality is defeated where 'there is a danger that absent class members will suffer [because] their representative is preoccupied with defenses unique to it'") (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d. 497, 508 (9th Cir. 1992)); *Smyth v. China Agritech, Inc.*, No. CV 13-03008-RGK (PJWx), 2013 WL 12136605, at *3-4 (C.D. Cal. Sept. 26, 2013) (denying lead plaintiff movant because it may be subject to a unique defense); *Gordon v. Sonar Capital Mgmt. LLC*, 92 F. Supp. 3d 193, 201 (S.D.N.Y. 2015) (quoting *Hallet v. Li & Fung Ltd.*, No. 95–cv–8917, 1997 WL 621111, at *3 (S.D.N.Y. Oct. 6, 1997)) ("the defendant need not show at the certification stage that the unique defense will prevail, only that it is meritorious enough to require the plaintiff to devote considerable time to the defense.")

Here, Hong purchased 16,000 ADRs on February 16, 2021 after the English report was released at prices ranging from $90.54 to $49.88 per ADR. This represents 26% percent of the total ADRs Hong purchased during the class period. Additionally, Hong purchased 2,000 ADRs on February 16, 2021 prior to the English report being released but after the Chinese report was released at a price of $122.50 per ADR, and combined with the 16,000 ADRs purchased after the release of the full English report, represents 30.25% of the total ADRs Hong purchased during the class period.

10

**TIMO RAUTANEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL NO. 21-1811-JFW (PVCx)**

| Type of Transaction | Date | Quantity | Price Per ADR |
|---|---|---|---|
| Purchase | 11/23/2020 | 2,000 | $12.70 |
| Purchase | 11/24/2020 | 918 | $14.70 |
| Purchase | 11/24/2020 | 1,094 | $14.78 |
| Purchase | 11/24/2020 | 546 | $14.80 |
| Purchase | 11/24/2020 | 1,934 | $14.00 |
| Purchase | 11/24/2020 | 93 | $13.86 |
| Purchase | 11/25/2020 | 43 | $14.33 |
| Purchase | 12/21/2020 | 3,372 | $20.69 |
| Purchase | 12/23/2020 | 10,000 | $25.00 |
| Purchase | 1/20/2021 | 20,000 | $68.95 |
| Purchase | 1/21/2021 | 5,000 | $77.00 |
| Purchase | 1/26/2021 | 2,500 | $89.00 |
| Purchase | 1/28/2021 | 1,500 | $74.05 |
| Purchase | 2/3/2021 | 6,000 | $83.14 |
| Purchase | 2/10/2021 | 2,000 | $109.70 |
| Purchase | 2/12/2021 | 2,500 | $104.25 |
| **Purchase** | **2/16/2021** | **2,000** | **$122.50** |
| **Purchase** | **2/16/2021** | **5,000** | **$90.54** |
| **Purchase** | **2/16/2021** | **3,000** | **$90.53** |
| **Purchase** | **2/16/2021** | **3,000** | **$78.70** |
| **Purchase** | **2/16/2021** | **3,000** | **$57.80** |
| **Purchase** | **2/16/2021** | **2,000** | **$49.88** |

Hong's (and Rata's) post-disclosure purchases subject him to a unique defense that makes him atypical of the class. If Hong (or Rata) is selected as lead plaintiff, the unique defense will threaten to sidetrack the litigation by requiring a substantial amount of time to be spent demonstrating that Hong was not aware of the English or Chinese versions of the Wolfpack report at the time his purchases were made. Additionally, Hong will be required to prove that purchasing 30.25% of the total class period shares after the corrective disclosure is not a disproportionately large percentage of the total amount of EHang ADRs he

11

TIMO RAUTANEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
NO. 21-1811-JFW (PVCx)

purchased. *See Snap*, 2019 WL 2223800, at *2, *4 (disqualifying two lead plaintiff movants who made post-disclosure purchases, holding that 60% constitutes "[a] disproportionately large percentage of [first movant's] stock" and holding that "whether 15% is a disproportionately large percentage of the [second movant's] stock could be the focus of litigation were the [second movant] to be appointed lead plaintiff.").[14]  As such, Hong should be disqualified.

### D. The Remaining Competing Motions Should Be Denied Because They Have A Smaller Financial Interest Than Rautanen

The remaining movants should not be appointed lead plaintiff because they have all suffered lower losses than Rautanen during the Class Period due to the alleged fraud. Those movants are listed in the below table:

| Movant[15] | Firm | Losses (Gain) | Status |
|---|---|---|---|
| **Timo Rautanen** | **Faruqi & Faruqi LLP** | **$247.555.55** | **Only qualified movant with largest losses and should be appointed lead plaintiff** |
| ~~Heidi Chen~~ | ~~Glancy Prongay & Murray LLP~~ | ~~$209,725.43~~ | Lacks largest financial interest |

---

[14]     Hong has asked, that if appointed lead plaintiff, Pomerantz LLP ("Pomerantz") be appointed Lead Counsel. Docket No. 31 at 1. Although not moving for co-lead counsel, Portnoy Law Firm is listed as "additional counsel for Sung Hong". *Id.* at 2. Hong has not explained why additional counsel is necessary or how the possible duplication of efforts will benefit the class. *See In re Allergan PLC Sec. Litig.*, No. 18 Civ. 12089 (CM)(GWG), 2020 WL 5796763, at *4, *6-9 (S.D.N.Y. Sept. 29, 2020); *see also Halman Aldubi Provident and Pension Funds Ltd. v. Teva Pharm. Indus. Ltd.*, No. 2:20-cv-04660-KSM, 2021 WL 1217395, at *12-13 (E.D. Pa. Mar. 26, 2021).

[15]     Movants Chen, Yang, Pineda, Gupta and Anciger all purchased EHang ADRs on February 16, 2021 and will be subject to the same deficiencies and unique defense argued above.

12

**TIMO RAUTANEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL NO. 21-1811-JFW (PVCx)**

| Gad Shitrit | Robbins Geller Rudman & Dowd LLP | $136,678.73 | Lacks largest financial interest |
|---|---|---|---|
| James Gary Oviatt | Bernstein Liebhard LLP | $119,955.55 | Lacks largest financial interest (Notice of Non-Opposition filed on 4/22/21-ECF NO. 50) |
| Hong Kong Hua Xia International Holdings Limited | Levi & Korsinsky, LLP | $114,665.68 | Lacks largest financial interest |
| Ester Yang | The Rosen Law Firm | $100,045.41 | Lacks largest financial interest |
| Ramiro Pineda | Hagens Berman Sobol Shapiro LLP | $89,070.00 | Lacks largest financial interest |
| Tarun Gupta | Calcaterra Pollack LLP | $82,137.00 | |
| Danijel Anciger | Thornton Law Firm LLP | $79,000.90 | Lacks largest financial interest (Notice of Non-Opposition filed on 4/22/21-ECF NO. 49) |
| Sung Hong | Pomerantz LLP | ($101,353.54)[16] $19,616.47 | Lacks largest financial interest |
| Sergiu Rata | Block & Leviton LLP | $0.00 | Lacks largest financial interest |

In sum, the remaining competing movants should not be appointed lead plaintiff because they all have suffered lower losses than Rautanen during the class period.

## II. RAUTANEN SHOULD BE APPOINTED LEAD PLAINTIFF AND HIS SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Rautanen is the only proposed lead plaintiff with the highest losses that meets Rule 23's adequacy requirement and should be selected as lead plaintiff. Rautanen has $247,555.55 in losses arising from his purchase of EHang stock well

---

[16] The $101,353.54 gain is if all of Hong's February 16, 2021 purchases are excluded. If only the purchases made after 1:30 pm on February 16, 2021 are removed, Hong's losses amount to $19,616.47.

13

before information of the alleged fraud was disclosed to the market. Unlike competing movant Hong, Rautanen is not subject to any unique defense. Additionally, Rautanen has moved with a single law firm demonstrating that he is acting in the best interests of the class by minimizing costs of the litigation. Finally, Rautanen suffered the largest recognizable losses during the Class Period.

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff is entitled to select and retain lead counsel for the Class, subject to the Court's approval. Rautanen has selected the Faruqi Firm to be Lead Counsel for the Class. The Faruqi Firm is a highly experienced minority and woman-owned law firm whose adequacy to serve as lead counsel in this case has not been challenged and, as reflected in the firm's resume, possesses extensive experience litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Decl. of Benjamin Heikali in Supp. of Timo Rautanen's Mot. for Appointment As Lead Plaintiff and Approval of Lead Counsel (Docket No. 30), Ex. C, Firm Resume (Docket No. 30-3), and Ex. D, Women's Business Enterprise National Council Certificate (Docket No. 30-4).

## CONCLUSION

For the foregoing reasons and the reasons set forth in its Opening Memorandum of Points and Authorities (Docket No. 28), Rautanen respectfully requests that the Court (1) appoint him as Lead Plaintiff; (2) approve his selection of the Faruqi Firm as Lead Counsel for the putative Class; and (3) grant such other relief as the Court may deem just and proper.

Dated: April 26, 2021                    Respectfully submitted,

By: /s/ *Benjamin Heikali*
Benjamin Heikali

14

**TIMO RAUTANEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL NO. 21-1811-JFW (PVCx)**

**FARUQI & FARUQI, LLP**
Benjamin Heikali SBN 307466
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885
Email: bheikali@faruqilaw.com

James M. Wilson, Jr. (*pro hac vice* forthcoming)
Robert W. Killorin (*pro hac vice* forthcoming)
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: jwilson@faruqilaw.com
Email: rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff and
[Proposed] Lead Counsel for the Class*

15