**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EYOBE AMBERBER, individually and on behalf of all others similarly situated, | Case No. 1:21-cv-01392-GBD |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | |
| EHANG HOLDINGS LIMITED, HUAZHI HU, RICHARD JIAN LIU, and EDWARD HUAXIANG XU, | |
| Defendants. | |
| VIVIAN CHAUMONT, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:21-cv-01526-GBD |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | |
| EHANG HOLDINGS LIMITED, HUAZHI HU, RICHARD JIAN LIU, and EDWARD HUAXIANG XU, | |
| Defendants. | |

**TIMO RAUTANEN'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR (1) CONSOLIDATION, (2) APPOINTMENT AS LEAD PLAINTIFF, AND (3) APPROVAL OF LEAD COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT ............................................................................................................................... 2

I.      RATAUNAN HAS SUBMITTED CREDIBLE EVIDENCE THAT INFORMATION
        ABOUT THE ALLEGED FRAUD STARTED TO BE RELEASED ON FEBRUARY
        15, 2021, INFORMATION THIS COURT SHOULD CONSIDER BEFORE
        APPOINTING LEAD PLAINTIFF ................................................................................... 2

II.     RATA IS DISQUALIFIED FROM BEING APPOINTED LEAD PLAINTIFF
        BECAUSE HE IS SUBJECT TO A UNIQUE DEFENSE ............................................... 7

III.    RAUTANEN SHOULD BE APPOINTED LEAD PLAINTIFF AND HIS
        SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE
        APPROVED ...................................................................................................................... 8

CONCLUSION ............................................................................................................................. 9

i

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Batte v. Helca Mining Co.*,
No. 19-CV-4883 (ALC), 2021 WL 516546 (S.D.N.Y. Feb. 11, 2021) ....................................8

*In re Digital Music Antitrust Litig.*,
321 F.R.D. 64 (S.D.N.Y. 2017) .......................................................................................................8

*In re Fuwei Films Securities Litigation*,
634 F. Supp. 2d 419 (S.D.N.Y. 2009)............................................................................................6

*Galmi v. Teva Pharm. Indus. Ltd.*,
302 F. Supp. 3d 485 (D. Conn. 2017).............................................................................................7

*Gordon v. Sonar Capital Mgmt. LLC*,
92 F. Supp. 3d 193 (S.D.N.Y. 2015)...............................................................................................7

*Kasilingam v. Tilray, Inc.*,
No. 1:20-cv-03459-PAC, No. 2020 WL 4530357 (S.D.N.Y. Aug. 6, 2020) ..............................8

*Lapin v. Goldman Sachs & Co.*,
254 F.R.D. 168 (S.D.N.Y. 2008) ...............................................................................................7, 8

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
299 F. Supp. 3d 430 (S.D.N.Y. 2018)............................................................................................8

*Longo v. OSI Sys., Inc.*,
No. CV 17-8841 FMO, 2021 WL 1232678 (C.D. Cal. Mar. 31, 2021) .....................................6

Timo Rautanen ("Rautanen") respectfully submits this Reply Memorandum of Law in further support of his motion (ECF No. 14) to: (1) consolidate the above-captioned actions ("Actions"); (2) appoint Rautanen as Lead Plaintiff; and (3) approve Rautanen's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel, and to reply to the arguments made by movant Sergiu Rata ("Rata") (ECF Nos. 58, 59).

## PRELIMINARY STATEMENT

On April 19, 2021, eleven EHang Holdings Limited ("EHang") shareholders timely filed motions with this Court to be appointed lead plaintiff under the PSLRA each claiming they had the largest losses and otherwise met the adequacy and typicality requirements of Fed. R. Civ. P. 23. Rautanen claims losses of $247,555.55 arising from his purchase of EHang stock and attributable to the alleged fraud. ECF Nos. 14 to 16. Rata claims losses of $376,126.12. ECF Nos. 38 to 40.

Eight of the other movants have now filed notices acknowledging that they do not have the largest financial interest to be appointed lead plaintiff under the PSLRA. *See* ECF Nos. 49 (movant Danijel Anciger), 50 (movant James Oviatt),  51 (movant Gad Shitrit), 52 (movant Sung Hong), 53 (movant Tarun Gupta), 54 (movant Ramiro Pineda), 56 (movant Heidi Chen), and 57 (movant Esther Yang).

Rautanen disputes, even accepting that Rata has losses of $376,126.12, that Rata meets the Rule 23 requirements to be able to serve as lead plaintiff because he is subject to a unique defense regarding his standing to serve as lead plaintiff.  Rautanen has submitted credible evidence that information of Defendants' alleged fraud *began* to leak publicly on February 15, 2021. The identification of this important information is far from selling out the class as Rata claims, but rather is important information for this Court to consider to ensure that an adequate movant is appointed to serve as lead plaintiff to fully and fairly represent the interests of the

1

Class through the entirety of the litigation.[1] There is no dispute that *all* of Rata's EHang purchases and sales were made on February 16, 2021, the last day of the Class Period (ECF No. 40-4, Ex. D to Decl. of Jeffrey C. Block in Supp. of Sergiu Rata's Mot. for Consolidation, Appointment as Lead Pl., and Approval of Selection of Lead Counsel), and therefore Rata will likely have to invest significant resources against a defense that he failed to purchase his EHang American Depository Receipt ("ADRs") in reliance on the fraud. Rautanen respectfully submits that he – having made his EHang ADR purchases well before any news of the alleged fraud began to leak to the market – is the only remaining movant that can do so.[2]

## ARGUMENT

**I.     RATAUNAN HAS SUBMITTED CREDIBLE EVIDENCE THAT INFORMATION ABOUT THE ALLEGED FRAUD STARTED TO BE RELEASED ON FEBRUARY 15, 2021, INFORMATION THIS COURT SHOULD CONSIDER BEFORE APPOINTING LEAD PLAINTIFF**

Rautanen submitted evidence that information regarding the alleged fraud began to be released on February 15, 2021 at 1:10:32 pm. Timo Rautanen's Mem. of Law in Opp'n to the Competing Mots. and in Further Supp. of His Mot. for (1) Consolidation, (2) Appointment as Lead Pl., and (3) Approval of Lead Counsel 5-6 ("Rautanen Opp.") (ECF No. 60); Decl. of James M. Wilson, Jr. in Supp. of Rautanen Opp., Ex. 2 (ECF No. 61-2).  Rather than address Rautanen's arguments or submit his own evidence to counter Rautanen's evidentiary showing of this fraud leakage into the market, Rata makes baseless accusations against Rautanen and his

---

[1]     Rata's counsel also has artificially and prematurely attempted to manipulate membership in the class by filing a complaint that seeks to eliminate all shareholders from the class who purchased their EHang ADRs on February 16, 2021 at a price at or below $112, the time that Rata's counsel has concluded, without the benefit of any expert analysis, that the price of EHang ADRs had fully digested the news of the alleged fraud. *Amberber v. EHang Holdings Limited, et al.*, No. 1:21-cv-01392-GBD, Complaint for Violations of the Federal Securities Laws ¶ 1, ECF No. 1.

[2]     Rautanen and Rata agree that consolidation of the Actions is appropriate. ECF Nos. 58, 60.

counsel and repeatedly claims that the English version of the Wolfpack report issued on February 16, 2021 is the only information this Court should consider to determine if Rata should be appointed lead plaintiff.

Rata claims that Rautanen has changed his position of when the news of Defendants' alleged fraud was disclosed to argue that "[n]ow, only when it is in his own interest, and in a transparent attempt to catapult himself as the lead plaintiff, Rautanen argues the report was actually issued on the 15th." Mem. in Opp'n to the Competing Mots. for Appointment as Lead Pl. and Approval of Selection of Lead Counsel ("Rata Opp.") 8 (ECF No. 58). This is not accurate. Rata conflates the Wolfpack Report that was released on February 16, 2021 in English (the "English Report") with a summary of the Wolfpack Report that was released in Chinese (the "Chinese Report") on February 15, 2021, that also included the video footage with parts in English. Rautanen does not dispute that the full English language report by Wolfpack was issued on February 16, 2021 and has argued against Rata's appointment based on the leak of certain information the day before Rata made all of his purchase, which will subject him to a unique defense not faced by Rautanen.  Indeed, Rata does not argue that Rautanen faces any unique defenses based on his transactions in EHang.

Rata's "overwhelming[]" evidence of the Chinese Report being released on February 16, 2021 is in reality speculation about when a YouTube video was posted to the internet and a diversion from the real posted date on the Chinese Report URL, as evidenced by Wolfpack's sitemap, of February 15, 2021. Rata Opp. 8-10.

3

Wolfpack's website maintains a sitemap that can be accessed at

https://wolfpackresearch.com/sitemap.xml.[3] The URL for the Chinese Report is

https://wolfpackresearch.com/research/ehang-trans/ and appears in Wolfpack's sitemap.

```
<url>
   <loc>https://wolfpackresearch.com/research/skillz/</loc>
   <lastmod>2021-03-08T13:10:32+00:00</lastmod>
</url>

<url>
   <loc>https://wolfpackresearch.com/</loc>
   <lastmod>2021-03-08T13:10:32+00:00</lastmod>
</url>

<url>
   <loc>https://wolfpackresearch.com/research/ehang/</loc>
   <lastmod>2021-02-16T13:10:32+00:00</lastmod>
</url>

<url>
   <loc>https://wolfpackresearch.com/research/ehang-trans/</loc>
   <lastmod>2021-02-15T13:10:32+00:00</lastmod>
</url>

<url>
   <loc>https://wolfpackresearch.com/blog/</loc>
   <lastmod>2021-01-13T09:55:41+00:00</lastmod>
</url>

<url>
   <loc>https://wolfpackresearch.com/categories/news/</loc>
   <lastmod>2021-01-13T09:55:41+00:00</lastmod>
</url>
```

According to Wolfpack's sitemap, the URL where the Chinese report can be found was

last modified on February 15, 2021 at 1:10:32 p.m. The fact that the Chinese Report was posted

on February 15, 2021 does not contradict anything the Chinese Report says about the English

Report. The full, translated text of the Chinese Report webpage's headline states "WOLFPACK

RESEARCH issued an English investigation report on EHang on February 16, 2021. The

---

[3]    A sitemap is a file where information about the pages, videos, and other files, and the relationships between them, is provided so that search engines can more intelligently crawl a website. Learning about sitemaps, Google Search Central, https://developers.google.com/search/docs/advanced/sitemaps/overview (last updated Mar. 3, 2021). One piece of information a sitemap contains is the last date on which a webpage was modified, noted by the tag <lastmod>. Google Search Central, Best practices for XML sitemaps & RSS/Atom feeds, https://developers.google.com/search/blog/2014/10/best-practices-for-xml-sitemaps-rssatom (last updated Oct. 16, 2014). According to Google's developers, the best practices for last modification time on a site map is to specify the last modification time, which "should be the last time the content of the page changed meaningfully." *Id.*

Chinese main points of the English survey report are now provided for your reference." This is not inconsistent with the Chinese Report being posted on February 15, 2021 because Wolfpack *did* issue its *English* Report on February 16, 2021. Rautanen does not dispute that the English Report was issued on February 16, 2021, but rather argues that the information in the English Report began to be disclosed on February 15, 2021 in the Chinese Report.

In support of his argument that information of the fraud was not released on February 15, 2021, Rata claims that the YouTube video that appears on the Chinese Report webpage was uploaded on February 16, 2021, thereby proves that the Chinese Report couldn't have been issued on February 15, 2021. Rata Opp. 9. Rata's argument ignores that, according to YouTube, you can change the scheduled publication time of a video that was previously set to private.[4] YouTube makes it clear that "[w]hen you make a video public on YouTube, the date on the watch page is based on Pacific Standard Time (PST). If you want a certain date to show beneath your video, upload your video on that date. Alternatively, schedule it to go public on that date, in Pacific Standard Time."[5] Rata has provided no evidence that the video was not previously posted to YouTube as a private video, that was accessible on Wolfpack's website on the Chinese Report webpage, and that was then changed from public to private on February 16, 2021 to coincide with the release of the English Report.

Rata attempts to undermine the impact of Rautanen's argument that news of the fraud was leaking and affected EHang ADR prices on the opening of the market on February 16, 2021 also by citing to one out of circuit case to attempt to demonstrate that investors don't need to find and translate foreign websites to get their information, Rata Opp. 15 (citing *Longo v. OSI Sys.,*

---

[4]    YouTube Help, Upload Videos, Schedule video publish time, https://support.google.com/youtube/answer/1270709?hl=en (last visited May 10, 2021).

[5]    *Id.*

*Inc.*, No. CV 17-8841 FMO, (SKx), 2021 WL 1232678, at *7 (C.D. Cal. Mar. 31, 2021)), but puts forth a great effort to try and shift the unique defense on Rautanen. Rata Opp. 11-16. *Longo* is not applicable as the context is completely different. In *Longo*, the Central District of California was ruling on a motion to dismiss and was evaluating whether or not certain statements were affirmatively false and misleading due to the nondisclosure of OSI Systems, Inc.'s contractual arrangement with Inspection Control & Measuring Systems SHPK ("ICMS"). *Longo*, 2021 WL 1232678, at *5. Defendants asserted that the contractual arrangement with ICMS was already public because the relevant documents were written in Albanian on an Albanian government website. *Id.* at *7. Plaintiffs alleged that the relevant documents were not available in Albania or the US. *Id.* The court found that it was unreasonable to expect an investor to find documents written in foreign languages on foreign websites. *Id.* Here, the Chinese Report was on an English language website. This is not equivalent to being required to navigate the Albanian government's website in Albanian. Furthermore, the Chinese Report was accompanied by the YouTube video, which contained English language subtitles. Moreover, *Longo* was evaluating whether information was available for the purposes of determining if there was an actionable omission. *Id.* at *8. It does not make any findings regarding a unique defense that a putative lead plaintiff could face.[6]

Further, Rata spends roughly five and a half pages in his opposition claiming that Rautanen has doomed the class by acknowledging the fact that news of the English Report

---

[6]   Rata also cites to *In re Fuwei Films Securities Litigation*, 634 F. Supp. 2d 419, 438 (S.D.N.Y. 2009) for the proposition that "[i]nformation written 'in Chinese–does not transform the information contained' therein to be 'matters of general public knowledge.'" Rata Opp. 15. *Fuwei* is also not applicable because it was a motion to dismiss that did not make any findings to the adequacy of the unique defense that Rata would be faced with nor does it deal with foreign language information mixed with English.

leaked through the Chinese Report on February 15, 2021 and accusing Rautanen of advancing a position antagonistic to the class for his own personal gain. Rata Opp. 11-16. This argument is wrong. Identifying potentially important arguments against the class and class certification early in the litigation preserves resources and may avoid the appointment of a shareholder to act as a representative for the class who cannot serve through the entire litigation due to a fatal deficiency in his standing.

## II.    RATA IS DISQUALIFIED FROM BEING APPOINTED LEAD PLAINTIFF BECAUSE HE IS SUBJECT TO A UNIQUE DEFENSE

All of Rata's purchases of EHang ADRs occurred on February 16, 2021, after news of the alleged fraud began to leak publicly. These purchases on the last day of the Class Period subject him to the unique defense that he did not purchase his EHang ADRs in reliance on the fraud. *See e.g., Galmi v. Teva Pharm. Indus. Ltd.*, 302 F. Supp. 3d 485, 504 (D. Conn. 2017) ("TIAA's recoverable losses are further reduced to approximately $20.3 million, which represents an elimination of $2.3 million in losses TIAA incurred as a result of ADR purchases after the full extent of the fraud was disclosed. TIAA cannot attribute such losses to Teva's fraudulent statements because the falsity of those statements had been disclosed, and the market had corrected for such disclosure, before TIAA made the additional purchases") (citation omitted).

The presence of a unique defense may defeat class certification when it threatens to become the focus of the litigation. *Gordon v. Sonar Capital Mgmt. LLC*, 92 F. Supp. 3d 193, 201 (S.D.N.Y. 2015) (quoting *Hallet v. Li & Fung Ltd.*, No. 95–cv–8917, 1997 WL 621111, at *3 (S.D.N.Y. Oct. 6, 1997)) ("the defendant need not show at the certification stage that the unique defense will prevail, only that it is meritorious enough to require the plaintiff to devote considerable time to rebut the unique defense."); *Lapin v. Goldman Sachs & Co.*, 254 F.R.D.

168, 179 (S.D.N.Y. 2008) (same); *Batte v. Helca Mining Co.*, No. 19-CV-4883 (ALC), 2021 WL 516546, at \*3 (S.D.N.Y. Feb. 11, 2021) (same) (collecting cases); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 460-61 (S.D.N.Y. 2018) (same); *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 97 (S.D.N.Y. 2017).

**III.    RAUTANEN SHOULD BE APPOINTED LEAD PLAINTIFF AND HIS SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED**

Rautanen is the only proposed lead plaintiff with the highest losses that meets Rule 23's adequacy and typicality requirement and should be selected as lead plaintiff. Rautanen has $247,555.55 in losses arising from his purchase of EHang ADRs well before information of the alleged fraud was disclosed to the market. Rata has not challenged Rautanen's appointment in any way. Rata only asserts he should be selected lead plaintiff because he has the largest financial loss. As demonstrated in above and in Rautanen's Opposition, Rautanen has the largest loss. Additionally, Rautanen is not subject to any unique defense.

Rata's argument against Rautanen's adequacy – based on the lack of full disclosure of educational background, investment experience, or personal history – is a red herring and insufficient in any event. Rata Opp. 16. This information, if required by the Court, which it generally is not, can easily be supplemented if necessary and courts do not disqualify a potential lead plaintiff for this alone. *Kasilingam v. Tilray, Inc.*, No. 1:20-cv-03459-PAC, No. 2020 WL 4530357, at \*3 (S.D.N.Y. Aug. 6, 2020) (noting the Court is not required to determine if a movant has provided sufficient personal information to demonstrate adequacy when it otherwise finds the movant adequate). Rautanen is qualified under Rule 23 to serve as lead plaintiff and Rata has offered no evidence against Rautanen's adequacy.

Further, Rautanen has selected the Faruqi Firm to be Lead Counsel for the Class. The Faruqi Firm is a highly experienced minority and woman-owned law firm whose adequacy to

serve as lead counsel in this case has not been challenged and, as reflected in the firm's resume, possesses extensive experience litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Decl. of James M. Wilson, Jr. in Supp. of Timo Rautanen's Mot. for (1) Consolidation; (2) Appointment as Lead Plaintiff; and (3) Approval of Lead Counsel (ECF No. 16), Ex. C, Firm Resume (ECF No. 16-3), and Ex. D, Women's Business Enterprise National Council Certificate (ECF No. 16-4).

## CONCLUSION

For the foregoing reasons and the reasons set forth in his Opening Memorandum of Law (Timo Rautanen's Mem. of Law in Supp. of His Mot. for (1) Consolidation; (2) Appointment as Lead Pl.; and (3) Approval of Lead Counsel (ECF No. 15)), and the Rautanen Opp., Rautanen respectfully requests that the Court: (1) consolidate the above-captioned actions; (2) appoint him as Lead Plaintiff; (3) approve his selection of the Faruqi Firm as Lead Counsel for the putative Class; and (4) grant such other relief as the Court may deem just and proper.

Dated: May 10, 2021

Respectfully submitted,

**FARUQI & FARUQI, LLP**

By:  */s/ James M. Wilson, Jr.*
James M. Wilson, Jr.

James M. Wilson, Jr.
Robert W. Killorin (*pro hac vice*
forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:  jwilson@faruqilaw.com
rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff and
[Proposed] Lead Counsel for the putative
Class*

9