UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

EYOBE AMBERBER, *individually and on behalf of others similarly situated*,

       Plaintiff,

-against-

EHANG HOLDINGS LIMITED, HUAZHI HU, RICHARD JIAN LIU, AND EDWARD HUAXIANG XU,

       Defendants.

------------------------------------- x

FEB 10 2022

MEMORANDUM DECISION AND ORDER

21 Civ. 1392 (GBD)

GEORGE B. DANIELS, District Judge:

Before this Court are three securities fraud class action suits against EHang Holdings Limited ("EHang"), Huazhu Hu, Richard Jian Liu, and Edward Huaxiang Xu (collectively, "Defendants"): *Amberber v. EHang Holdings Limited et al*, No. 21 Civ. 1392 (GBD) (S.D.N.Y. February 17, 2021) ("Amberber Compl."), *Chaumont v. EHang Holdings Limited et al*, No. 21 Civ. 1526 (GBD) (S.D.N.Y. February 19, 2021) ("Chaumont Compl."), and *Ran Klein v. EHang Holdings Limited et al*, No. 21 Civ. 4484 (GBD) (S.D.N.Y February 26, 2021) ("Klein Compl.")[1] Plaintiffs in all three cases purchased shares of EHang and allege that Defendants made materially false and misleading statements about the business and prospects of EHang's autonomous aerial vehicle technology platform company.

Putative class members Timo Rautanen ("Rautanen") and Sergiu Rata ("Rata") both filed motions for appointment as lead plaintiff and to appoint their attorneys as lead counsel, ECF No.

---

[1] In a notice of related action filed on May 19, 2021, putative class member Sergiu Rata requested that this Court consolidate the *Klein* matter with *Amberber* and *Chaumount*. No opposition to this request was filed. Thus, this Court grants that application and includes *Klein* in its analysis on the motions to consolidate.

1

14 and 38, respectively.[2] For the reasons articulated below, this Court appoints Rata as lead plaintiff and approves his selection of Block & Leviton LLP as lead counsel.

## I. RELEVANT FACTS

Plaintiffs allege that analyst, Wolfpack Research, published a report on February 16, 2021, entitled "EHang: A Stock Promotion Destined to Crash and Burn" which stated, among other points, that EHang is "an elaborate stock promotion, built on largely fabricated revenues based on sham sales contracts with a customer. . . who appears to us to be more interested in helping inflate the value of its investment in EH . . . than about buying its products." (Amberber Compl. at ¶¶ 5, 56-64.) The report stated that Wolfpack Research had "gathered extensive evidence" to support its report, "including behind-the-scenes photographs, recorded phone calls, and videos of on-site visits to EH's various facilities . . . ." (*Id.*) Wolfpack Research also noted that "in just 14 months as a publicly traded company, EH's PR team has put out 50 press releases . . . . However, EH's constant stream of press releases are easily proven untrue." (*Id.*) Finally, Wolfpack Research wrote that it "obtained Chinese court records which show that EH's [shares] may already be in serious jeopardy due to legal issues in China." (*Id.*)

Plaintiffs assert that after the Wolfpack report was released, EHang stock price fell from its February 12, 2021 close of $124.09 to a February 16, 2021 close of $46.30 per share—a one day[3] drop of $77.79 per share or approximately 62.7%. (*See* Amberber Compl. at ¶ 64.)

---

[2] Putative class members Danijel Anciger (ECF No. 8), Tarun Gupta (ECF No. 11), James Oviatt (ECF No. 18), Gad Shitrit (ECF No. 21), Ramiro Pineda (ECF No. 25), Esther Yang (ECF No. 28), Hong Kong Hua Xia International Holdings Limited (ECF No. 31), Sung Hong (ECF No. 34), and Heidi Chen (ECF No. 41) also filed motions for appointment as lead plaintiff but subsequently filed notices of non-opposition to the competing motions for lead plaintiffs. *See* ECF Nos. 49, 53, 50, 51, 54, 57, 52, 56 and Central District of California 2:21-cv-01811-JFW-PVC, ECF No. 56, respectively.

[3] February 15, 2021 was President's Day in the United States, a federal holiday, and the market was closed.

2

## II. THE ACTIONS ARE CONSOLIDATED

Movants seek consolidation of these actions, and this Court has received no objection to those requests. The Federal Rules of Civil Procedure allow a district court to consolidate actions involving "a common question of law or fact," Fed. R. Civ. P. 42(a). Indeed, district courts have "broad discretion to determine whether consolidation is appropriate," weighing "considerations of judicial economy" against "a paramount concern for a fair and impartial trial." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284–85 (2d Cir. 1990). "In securities actions where the complaints are based on the same public statements and reports, consolidation is appropriate if there are common questions of law or fact." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992)).

Here, consolidation is clearly appropriate because all three cases involve "substantially identical questions of law and fact." *Reitan v. China Mobile Games & Ent. Grp., Ltd.*, 68 F. Supp. 3d 390, 394 (S.D.N.Y. 2014). Each of the three complaints allege that EHang, as well as some of its officers and directors, made false statements and misrepresentations about its business and prospects between December 12, 2019 and February 16, 2021. (*See* Amberber Compl. at ¶¶ 21–55; Chaumont Compl. at ¶¶ 18–43; Klein Compl. at ¶¶ 22–55). The complaints all assert that the alleged truth emerged from the Wolfpack report on the last day of the class period, February 16, 2021. (*See* Amberber Compl. at ¶¶ 56–64; Chaumont Compl. at ¶¶ 44–48; Klein Compl. at ¶¶ 56–65.) Finally, the complaints assert the same claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and they name the exact same defendants. (*See* Amberber Compl. at ¶¶ 77–82; Chaumont Compl. at ¶¶ 67–77; Klein Compl. at ¶¶ 78–83.)

3

Accordingly, those three actions—as well as any other similarly related class action against EHang hereafter filed in, or transferred to, this Court—are consolidated.

The actions shall be referred to collectively as *In re: EHang Holding Ltd. Securities Litigation*, No. 21 Civ. 1392 (GBD) (the "Consolidated EHang Class Action"). The Clerk of the Court shall file a copy of this Order in the separate file for each of the above-referenced EHang class action cases. Unless otherwise ordered by this Court, future filings in any EHang class action herein consolidated shall be filed and docketed only under docket number 21 Civ. 1392 (GBD). All counsel who have entered appearances in the above-referenced EHang class action cases shall be deemed to have entered an appearance in the Consolidated EHang Class Action under docket number 21 Civ. 1392 (GBD). Counsel is directed to alert the Clerk of Court to the filing or transfer of any case that might properly be consolidated as part of this litigation.

### III. RATA'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF IS GRANTED

#### A. Rata Is Entitled to a Rebuttable Presumption of Appropriate Lead Plaintiff

Under the Private Securities Litigation Reform Act ("PSLRA"), there is a rebuttable presumption that the appropriate lead plaintiff is the person that (1) "has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i)," (2) "has the largest financial interest in the relief sought by the class," and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Rata provides enough evidence to support a rebuttable presumption that he is the most appropriate lead plaintiff.[4] First, Rata timely filed his motion to be appointed as lead plaintiff on

---

[4] Mem. of Law in Supp. of Sergiu Rata's Mot. for Consol., Appoint. as Lead Pl. and Approval of Selection of Lead Counsel ("Rata Mem."), ECF No. 39, Mem. of Law in Sergiu Rara's Mem. of Law in Opp. to Comp. Mots. For Appoint. As Lead Pl. and Approval of Selection of Lead Counsel ("Rata Opp."), ECF No. 58, Reply Mem. of Law in Further Supp. of Sergiu Rata's Mot. For Appoint. As Lead Pl. and Approval

4

April 19, 2021—well within the sixty-day period to make a motion under § 78u-4(a)(3)(A)(i). Second, out of all the putative class members who have filed motions for lead plaintiff, Rata appears to have the largest financial interest. To determine the plaintiff with the largest financial interest, the following factors are considered:

> (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period)/ (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered.

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008). Financial loss, the last factor, is the most important element of the test. *Id.* Rata claims to have purchased 15,430 shares and had a net total loss of $376,126.12. (Block Declaration Ex. D.) Those figures are larger than any other putative class member.[5] Third, Rata makes the preliminary showing that he satisfies the typicality and adequacy requirements of Rule 23. *Clifford v. TRON Found.*, No. 20-CV-2804 (VSB), 2020 WL 3577923, at *2 (S.D.N.Y. June 30, 2020) ("This determination 'need not be as complete as would a similar determination for the purpose of class certification,' and the movant is only required to make a *prima facie* showing that it meets the typicality and adequacy requirements.") Rata, like all members of the punitive class, alleges that he purchased EHang securities in reliance on Defendants alleged misstatements and omissions. (Rata Mem. at 7-8.) Additionally, Rata has retained qualified, experienced counsel, he is not aware of any conflict between his claims and those asserted on behalf of the putative class, and he submits

---

of Selection of Lead Counsel ("Rata Reply"), Decl. of Jeffrey C. Block ("Block Declaration"), ECF No. 40.

[5] Rautanen has the second largest financial loss of $247, 555.55.

5

that he has sufficient incentive to provide vigorous advocacy in this litigation. (*Id.* at 9.) Thus, Rata has sufficiently established a rebuttable presumption that he is the appropriate lead plaintiff.

## B. Rautanen has failed to rebut the presumption that Rata is an Appropriate Lead Plaintiff

The PSLRA allows other putative class members to rebut the presumption of the appropriate lead plaintiff by presenting proof that "the presumptively most adequate plaintiff (1) will not fairly and adequately protect the interests of the class, or (2) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

In his opposition to Rata's motion for lead plaintiff, Rautanen argues—notably for the first time—that the Wolfpack disclosure began on February 15, 2021 and, therefore, Rata is ill suited to serve as lead plaintiff since all of Rata's EHang purchases were made after this date. (Timo Rautanen's Mem. of Law in Opp. to Competing Mots. and in Further Supp. of his Mot. For Consol., Appoint. As Lead Pl., and Approval of Lead Counsel ("Rautanen Opp."), ECF No. 60.) To support his argument, Rautanen cites to a webpage on Wolfpack's website that links to the report in Chinese and contains a video of Wolfpack's investigator touring the EHang facility in China. The date, February 15, 2021, appears above the video. Rautanen asserts that, to be successful in this class action, Rata will have to show that he was not aware of the report's release in Chinese—a unique defense that would make him atypical of the class.

This argument is unavailing for several reasons. As an initial matter and as aforementioned, not one of the three filed complaints cites February 15, 2021 as the day the report was released, ending the class period. Even Rautanen's opening brief, like Rata's, explicitly states that "[d]uring the February 16, 2021 trading day, Wolfpack Research ("Wolfpack") published a

6

report. . . ." Rautanen points to February 15 only after it became clear that Rata had the largest financial loss, and would likely be the presumptive lead plaintiff.

Second, based on a chart in Rautanen's opposition briefing, the EHang stock price dropped roughly $10 between the release of the Wolfpack report in Chinese on February 15 and the English report mid-day on February 16. The stock price fell roughly $66 between the English release and the market close on February 16. Such a contrast is telling. As courts in this district have reasoned, "a class period should not be cut off if questions of fact remain as to whether the disclosures completely cured the market." *In re WorldCom, Inc. Sec. Litig.*, 219 F.R.D. 267, 307 (S.D.N.Y. 2003). Here, the significantly smaller price drop after the Chinese release, does not suggest that the Chinese release cured the market. The larger drop after the release of the English report suggests that the English version was the operative corrective disclosure. *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 268 (2014) (The market price of shares traded on well-developed markets reflects all publicly available information and misrepresentations) (citing *Basic Inc. v. Levinson*, 485 U.S. 224, 246 (1988)).

Finally, shortening the class period to February 15 is contrary to the best interest of the class. For example, several of the putative class members who submitted motions for appointment as lead plaintiff purchased shares of EHang on or after February 16, like Rata. (*See* ECF Nos. 10-3, 13-3, 20-3, 23-3, 27-2, 30-3, 37-1). A longer class period encompasses more potential class members and damages. *See Hom v. Vale, S.A.*, No. 1:15-CV-9539-GHW, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016) ("A number of courts in this district have found it appropriate to rely on the more inclusive class for determining lead plaintiff because it encompasses more potential class members.") (citing cases). Finally, based on Rautanen's chart in his opposition brief, the EHang stock price closed at $124.09 on February 12 and opened at $122.70 on February 16. As Rata

7

accurately notes, if the class period ended on February 15, Defendants would likely argue that the Chinese release did not significantly affect the market. Further, it will be difficult for the class to recover the later $66.45 price per share drop if Defendants argue that the information was already incorporated into the stock price since February 15. *See In re Pfizer Inc. Sec. Litig.*, 819 F.3d 642, 659 (2d Cir. 2016) ("[F]raudulent statements containing the same falsehoods as earlier misrepresentations 'will not cause a change in the stock price ... because the market has already digested that information and incorporated it into the price.'") (quoting *FindWhat Inv. Grp. v. FindWhat.com*, 658 F.3d 1282, 1310 (11th Cir. 2011)).

Thus, Rautanen has failed to demonstrate how Rata is vulnerable to a unique defense as lead plaintiff. To the contrary, Rautanen's argument that the class period should end on February 15 would likely subject him to a unique defense. Rautanen has failed to rebut the presumption that Rata should be lead plaintiff.

## IV.    BLOCK & LEVITON LLP IS APPOINTED AS LEAD COUNSEL

Under the PLSRA, "the most adequate plaintiff shall, subject to approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "There is a strong presumption in favor of approving a properly selected lead plaintiff's decision as to counsel." *Jakobsen v. Aphria, Inc.*, No. 18 Civ. 11376 (GBD), 2019 WL 1522598, at *5 (S.D.N.Y. March 27, 2019). In this case Rata, selected Block & Leviton LLP. The firm's resume indicates extensive experience in the field of securities litigation, and that it has successfully prosecuted numerous securities fraud class actions." *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F.Supp.3d 607, 624 (S.D.N.Y. 2015); (*see also* Block Declaration, Ex. F.) Block & Leviton LLP can capably represent the class here, given the firm's experience in litigating class action lawsuits. *Plymouth County*

*Retirement Association v. Innovative Technology, Inc. et al.*, No. 21 CIV. 4390 (VM), 2021 WL 4298191, at *6 (S.D.N.Y. Sept. 21, 2021). Rata's selection of lead counsel is approved.

## V. CONCLUSION

Timo Rautanen's motion for appointment as lead plaintiff and approval of lead counsel, ECF No. 14, is DENIED.

Sergiu Rata's motion for appointment as lead plaintiff and approval of Block & Leviton LLP as lead counsel, ECF, No. 38, if GRANTED.

The Clerk of Court is directed to close ECF Nos. 8, 11, 14, 18, 21, 25, 28, 31, 34, 38, and 41.

Dated: New York, New York
      February 10, 2022

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

9